CASA DE ESPAÑA EN PUERTO RICO, peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado.

Núm. 68.—*Sometido:* Enero 14, 1946. *Resuelto:* Febrero 14, 1946.

*Mariano Acosta Velarde,* abogado de la peticionaria; *Hon. Procurador General E. Campos del Toro y J. B. Fernández Badillo,* abogado éste de la División de Contribuciones y Litigios Especiales del Departamento de Justicia, abogados todos del interventor, Tesorero de Puerto Rico, querellado en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El 9 de enero de 1942 el Tesorero de Puerto Rico requirió a la Casa de España de Puerto Rico el pago de $5,095.94 por concepto de contribuciones sobre la propiedad correspondientes al año 1941-1942. En febrero 16 de 1942 la Casa de España radicó ante el Tribunal de Apelación de Contribuciones un escrito de apelación alegando que sus propiedades estaban exentas del pago de contribuciones a virtud del art. 291, inciso (e) del Código Político de Puerto Rico, según quedó enmendado por la Ley núm. 12 del 23 de agosto de 1933 (pág. 73), por ser la apelante una asociación para fines no pecuniarios.

Tres años y ocho meses después, o sea, el 19 de octubre de 1945, el Tribunal de Contribuciones se declaró sin jurisdicción por estimar que el escrito de apelación de la peticionaria había sido radicado después de vencido el término señalado por el art. 309 del Código Político.

Expedimos auto de *certiorari* para revisar esta decisión.

La única cuestión a resolver es si el artículo 309 del Código Político es aplicable a los hechos de este caso. Dicho artículo, tal y como regía el 9 de enero de 1942, en lo pertinente, disponía que:

"Cualquier persona perjudicada por la decisión del tasador respecto de la valuación de su propiedad puede elevar queja por escrito sobre el particular a la susodicha junta de revisión e igualamiento ...; Disponiéndose, sin embargo, que ninguna de las quejas o reclamaciones de que se trata será tomada en consideración por la mencionada junta, a menos que sea presentada *dentro de los quince días* después que al contribuyente que se crea perjudicado le haya notificado el tasador,

según por la presente se dispone, la valuación o revaluación de la propiedad de dicho contribuyente; . . . '' (Bastardillas nuestras.)

Para el 9 de enero de 1942, ya en vigor la Ley núm. 172 creando el Tribunal de' Apelación de Contribuciones, aprobada el 13 de mayo de 1941 ((1) pág. 1039), había dejado de existir la Junta de Revisión e Igualamiento al ser derogada por la sección 10 de la Ley 172 la Ley núm. 75 de 2 de agosto de 1923 ((1) pág. 605) que creó dicha Junta. Véase además la sección 11 de la Ley núm. 172(¹) en relación con su sección 4 que disponía que:

"El Tribunal tendrá jurisdicción para revisar la tasación y retasación de la propiedad mueble o inmueble y *conocerá de todas las reclamaciones que pudieran formularse ante él por personas interesadas, contra las resoluciones del Tesorero de Puerto Rico que afecten al impuesto y pago de contribución sobre la propiedad,* de la contribución sobre ingresos, y de la contribución sobre trasmisión de bienes por herencia. Esta jurisdicción, sin embargo, no podrá invocarse ante el Tribunal por persona alguna hasta que sobre el asunto en discusión haya recaído una resolución administrativa por parte del Tesorero de Puerto Rico, de acuerdo con la ley.

"En aquellos procedimientos que no estuvieren claramente especificados por las reglas del Tribunal se aplicarán las disposiciones del Código de Enjuiciamiento Civil que regulan los procedimientos ante las cortes de distrito." (Bastardillas nuestras.)

Es obvio, por tanto, que para el 9 de enero de .1942, la aquí peticionaria no .podía apelar de la decisión del Tesorero para ante la Junta de Revisión e Igualamiento por no existir ya dicha Junta. Tampoco pudo el Tesorero cumplir con lo dispuesto en la sección 11, supra, por no estar pen-

---

(¹) La sección 11 disponía:

"Por la presente se autoriza y ordena al Tesorero de Puerto Rico en su carácter de Presidente nato de la actual Junta de Revisión e Igualamiento creada por la Ley núm. 75 de 2 de agosto de 1923, según quedó enmendada por la Ley núm. 46 de 26 de abril de 1928, a entregar al Tribunal de Apelación de Contribuciones, creada (*sic*) por esta Ley, todo el material, mobiliario, libros, y todos los asuntos que estén pendiente ante la Junta de Revisión e Igualamiento actualmente en función."

diente ante la Junta el caso de la peticionaria. El único organismo existente para dicha fecha con jurisdicción exclusiva en casos relacionados con la imposición de contribuciones sobre la propiedad, sobre ingreso o sobre trasmisión de bienes por herencia, era el Tribunal de Apelación de Contribuciones.

Sostuvo el Tribunal de Contribuciones, sin embargo, que la peticionaria debió radicar su apelación ante el Tribunal de Apelación de Contribuciones dentro del término de quince días especificado en el artículo 309 del Código Político, supra, y que al no hacerlo así dicho tribunal no adquirió jurisdicción en el caso y en su consecuencia tampoco el tribunal recurrido.

La Ley núm. 172 de 1941, supra, no estableció término alguno dentro del cual un contribuyente debía radicar su querella o apelación ante el Tribunal de Apelación de Contribuciones. No fué hasta que se aprobó la Ley núm. 169 de 15 de mayo de 1943 (pág. 601), creando el Tribunal de Contribuciones que, por su sección 3, se estableció un término de treinta días después de la notificación del Tesorero de Puerto Rico para poder recurrir ante dicho Tribunal. No tenemos duda de que esto se hizo para corregir el defecto que existía en la ley anterior.

Siendo esto así, no fué la intención legislativa al abolir la Junta de Revisión e Igualamiento dejar subsistente el procedimiento establecido para poder recurrir ante ella y menos aún el término de quince días establecido por el art. 309 del Código Político, cuando al crear el Tribunal de Apelación de Contribuciones estableció un nuevo procedimiento sin fijar término específico alguno para recurrir ante él.

*Debe revocarse la resolución recurrida y devolverse el caso para ulteriores procedimientos.*