PUERTO RICO HIGH SCHOL OF COMMERCE, peticionaria, *v.* TRI-BUNAL DE CONTRIBUCIONES, demandado; R. BUSCAGLIA, TESORERO DE PUERTO RICO, interventor.

Núm. 172.—*Sometido:* Mayo 3, 1948. *Resuelto:* Mayo 24, 1948.

*Rafael Soltero Peralta,* abogado de la peticionaria; *Hon. Procurador General Luis Negrón Fernández y Edgar S. Belaval,* abogado especial éste del Departamento de Justicia, abogados del interventor, querellado en el pleito principal.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

La "Puerto Rico High School of Commerce" acudió en 31 de enero de 1947 con una querella ante el Tribunal de Contribuciones de Puerto Rico, alegando que en 31 de diciembre de 1946 el Tesorero de Puerto Rico le notificó una contribución ascendente a la suma de $1,415.44, sobre propiedad mueble e inmueble a ella perteneciente y que como dicha propiedad consiste en un edificio, terreno y mobiliario dedicados exclusivamente para centro de educación en la ciudad de Río Piedras, la misma está expresamente exenta del pago de contribuciones a tenor de lo provisto por el artículo 291(e) del Código Político.([1])

Planteó el Tesorero la falta de jurisdicción en el Tribunal recurrido por haberse interpuesto la querella después de expirado el término de 30 días provisto en la sección 3 de

([1])Este artículo según fué enmendado por la Ley número 12 de 23 de agosto de 1933 (Primera Legislatura Extraordinaria, pág. 73), lee en lo pertinente así:

"Estarán exentas de tributación para la imposición de contribuciones las propiedades siguientes:

. . . . . . . . .

" ' '(e) Todo edificio utilizado y destinado exclusivamente para el culto religioso, . . . . . . . . . todo edificio destinado a logia masónica u odfélica o centro de estudios teosóficos o psicológicos o utilizado para centro de educación, literario, científico, o caritativo, con los muebles, enseres y aparatos pertenecientes al mismo; todo edificio, incluyendo el equipo y mobiliario dentro del mismo, que sea propiedad absoluta de una asociación que no tenga por objeto un beneficio pecuniario, y que sea utilizado y destinado exclusiva y totalmente, para organizaciones del trabajo, centro de recreo, esparcimiento y cultura y trato social y que mantenga permanentemente un gabinete de lectura de periódicos, magazines y folletos, y de prensa ilustrada en general, así nacional como extranjera; y toda superficie de terreno, cuya extensión no exceda de cinco cuerdas, en el cual dicho edificio o edificios esté o estén construídos; siempre que tales terrenos y edificios no sean arrendados ni utilizados de otra manera con el fin de que produzcan un beneficio pecuniario, ya al arrendador ya al arrendatario.' ''

la ley creadora de dicho Tribunal y éste así lo decretó, desestimando el recurso por falta de jurisdicción.

 Al iniciar su alegato sostiene la peticionaria que su querella no debió ser desestimada, ya que el plazo de 30 días fijado en la sección 3 de la Ley número 169 de 15 de mayo de 1943 (págs. 601, 603) debe interpretarse liberalmente para así hacer justicia al contribuyente. Esa sección en su parte pertinente provee que *"Todas las acciones, recursos o procedimientos que deban substanciarse ante el Tribunal de Contribuciones de Puerto Rico se iniciarán mediante instancia jurada* de la persona o entidad recurrente, *formulada* en nombre propio o por medio de representante legal debidamente autorizado, *dentro de los treinta días siguientes a la fecha de la notificación que a la misma haga el Tesorero de Puerto Rico,* en cualquiera de los siguientes casos: (1) tasación o retasación de propiedad mueble, tangible o intangible, o inmueble; . . . . "* (Bastardillas nuestras.) La sección 4, por otra parte, dispone, que "El Tribunal de Contribuciones tendrá jurisdicción de carácter exclusivo, para conocer de todos los casos sobre revisión de la tasación o retasación de la propiedad mueble, tangible o intangible, o inmueble . . . . " Y que "Esta jurisdicción, sin embargo, no podrá invocarse ante el Tribunal por persona alguna, hasta que sobre el asunto en discusión haya recaído la correspondiente resolución administrativa por parte del Tesorero de Puerto Rico, de acuerdo con la ley."

Nadie ha puesto en tela de juicio en este recurso que la notificación por correo hecha por el Tesorero de Puerto Rico equivale a la resolución administrativa requerida por la sección 4, supra. Tampoco está aquí en disputa el hecho de que si bien de acuerdo con el artículo 309 del Código Político, según fué enmendado por la Ley núm. 222 de 12 de mayo de 1942 (pág. 1247), el contribuyente tiene un término de sesenta días para pagar la parte de la contribución con la cual estuviere conforme y treinta días a partir de la

fecha en que se efectúe ese pago para acudir al Tribunal de Contribuciones, tales disposiciones quedaron sin efecto alguno al ser aprobada la ameritada Ley número 169 de 1943. Así lo ha interpretado el propio Tribunal de Contribuciones[2] desde que esta Corte Suprema resolvió el caso de *Del Toro* v. *Tribunal de Contribuciones*, 65 D.P.R. 63, el que si bien no era uno que envolvía contribuciones sobre la propiedad ni el alcance del aludido artículo 309 del Código Político, interpretó una sección similar de la Ley de Herencias entonces vigente[3] y trazó la pauta a seguir en cuanto al procedimiento en materia de contribuciones sobre herencias.

■ De acuerdo con el artículo 307 del Código Político, según fué enmendado por la Ley número 10 de 20 de noviembre de 1942 (Segunda y Tercera Legislaturas Extraordinarias, pág. 33), en lo que concierne a contribuciones sobre la propiedad "será deber del Tesorero de Puerto Rico enviar una comunicación por correo a cada contribuyente dirigida a la estación de correo del municipio en que radica la propiedad, dándole el aviso correspondiente." Además, dispone el artículo 331 del indicado Código, según fué enmendado por la Ley número 10, supra, que "no será necesario solicitar el pago de contribuciones . . . y cursada la notificación por correo . . . toda persona obligada al pago de contribuciones sobre la propiedad deberá acudir a la oficina del colector correspondiente y pagar el importe de sus contribuciones." De suerte, pues, que es innegable que el Tesorero por disposición expresa de ley estaba autorizado a notificar por correo la tasación de bienes muebles e inmuebles, tal como lo hizo en este caso.

■ La controversia en este recurso gira exclusivamente en torno a cuándo se entiende hecha la notificación

---

[2] *Figueroa* v. *Tesorero*, 2 D.T.C. 601.

[3] Sección 7 de la Ley núm. 99 de 1925 (pág. 791) según fué enmendada por la Ley núm. 20 de 21 de noviembre de 1941 (Sesión Extraordinaria, pág. 65).

por correo al contribuyente y por ende cuándo expiró para la peticionaria el término de treinta días a que hace referencia la sección 3 de la Ley número 169 de 1943.

Dispone la indicada Ley 169 en su sección 4 que todos los procedimientos ante el Tribunal de Contribuciones se regirán por las Reglas del mismo y en su defecto por las disposiciones del Código de Enjuiciamiento Civil o de las Reglas de Procedimiento promulgadas por este Tribunal. Tanto en armonía con el artículo 322 del Código de Enjuiciamiento Civil, como según la Regla 5(b) de las de Procedimiento, la notificación o entrega de documentos queda cumplida al tiempo de hacerse el depósito de éstos en el correo. En realidad así lo admite la peticionaria, pero sostiene que la demora de un día no se debió a negligencia de su parte, sino a un error de cómputo, "puesto que como del 8 de abril al 8 de mayo media un plazo de 30 días, equivocadamente consideró que del 31 de diciembre al 31 de enero mediaban igualmente treinta días."

El término concedido por la ley para acudir al Tribunal de Contribuciones es similar al fijado por el artículo 295 del Código de Enjuiciamiento Civil para apelar de una corte de distrito a este Tribunal Supremo. Ese término se ha considerado siempre fatal e improrrogable. *McCormick* v. *McCormick et als.*, 60 D.P.R. 949; *Casasús* v. *White Star Bus Line,* 58 D.P.R. 865; y *Luce & Co. S. en C.* v. *Cintrón*, 42 D.P.R. 610. No vemos en realidad razón alguna para hacer una excepción, no importa que la tantas veces mencionada sección 4 de la ley creadora del Tribunal de Contribuciones disponga que todos los procedimientos ante él deberán ser liberalmente interpretados y aplicados con el fundamental propósito de hacer justicia sustancial entre las partes en controversia. Radicada la querella ante dicho Tribunal a los 31 días de notificada la peticionaria, éste claramente carece de jurisdicción para conocer del recurso.

Cf. *Próspero Fruit Co.* v. *Tribunal de Contribuciones*, 64 D.P.R. 661.

*Debe confirmarse la resolución recurrida.*

El Juez Asociado Sr. De Jesús no intervino.