Compañía Ron Carioca Destilería Inc. (de Puerto Rico) y Compañía Ron Carioca Destilería Inc. (de Delaware), demandantes y apelantes, *v.* Rafael Buscaglia, Tesorero de Puerto Rico, demandado y apelado.

Núm. 9883.—*Sometido:* Abril 4, 1949. *Resuelto:* Abril 14, 1949.

---

874

*James R. Beverley* y *Carmen B. Hernández*, abogados de la apelante; *Hon. Procurador General Vicente Géigel Polanco* y *J. C. Santiago Matos, Procurador General Auxiliar*, abogados del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

El Tesorero de Puerto Rico tasó en agosto 9 de 1940 los bienes muebles e inmuebles de la demandante Compañía Ron Carioca Destilería, Inc. (de Delaware). No estando conforme con la tasación notificádale, dicha corporación acudió cinco días más tarde ante la extinta Junta de Revisión e Igualamiento.([1]) Sostenida por dicha Junta la tasación del Teso-

---

([1]) Véase el artículo 309 del Código Político tal cual regía para aquel entonces.

rero, la Compañía Ron Carioca Destilería, Inc. (de Puerto Rico)—que en el ínterin había adquirido los derechos y acciones de la corporación de Delaware—pagó al Tesorero de Puerto Rico en 24 de abril de 1941 la suma de $4,521.18 por concepto de tales contribuciones, de la cual $2,073.63 fueron pagados bajo protesta. En 18 de diciembre de 1941 ambas corporaciones radicaron ante la Corte de Distrito de San Juan la demanda del epígrafe. Presentada por el Tesorero años más tarde una moción para desestimar la demanda por falta de jurisdicción, la corte a quo declaró la misma con lugar y dictó sentencia desestimando la demanda por tal motivo.

En apelación las demandantes señalan cinco errores. Éstos son, en síntesis, al efecto de que la corte de distrito cometió error al declararse sin jurisdicción y al resolver que en este caso se dictó la resolución administrativa del Tesorero exigida por la Ley núm. 172 de 1941 ((1) pág. 1039).

■■ La ley sobre pagos bajo protesta vigente para el 24 de abril de 1941 (fecha en que se pagaron las contribuciones objeto del presente litigio) disponía en su sección 1 que "Cuando algún contribuyente creyere que no debe pagar cualquier contribución o parte de ella, estará no obstante obligado a pagarla en su totalidad, . . ." y en su sección 3 que "El contribuyente que haya pagado el todo o parte de cualquier contribución bajo protesta, podrá, *dentro del plazo de un año, a partir de la fecha del pago,* demandar al Tesorero de Puerto Rico en una corte insular de jurisdicción competente, o en la corte de distrito de los Estados Unidos para Puerto Rico, para obtener la devolución de la cantidad protestada . . ." (Bastardillas nuestras.) Véase la ley núm. 8 de 19 de abril de 1927, págs. 123 y 125. En 21 de noviembre de 1941 se enmendaron por la Ley núm. 17 de la Primera Legislatura Extraordinaria (pág. 55) las referidas secciones 1 y 3, de forma que se leyeran así:

"Sección 1.—Cuando algún contribuyente creyere que no debe pagar cualquier contribución o parte de ella, *excepción hecha de las*

*contribuciones sobre propiedad, herencia e ingresos, para el pago de las cuales existen procedimientos específicos en las leyes correspondientes,* dicho contribuyente estará, no obstante, obligado a pagar la contribución totalmente, . . .''

"Sección 3.—El contribuyente que haya pagado el todo o parte de cualquier contribución bajo protesta, de acuerdo con esta ley y las excepciones que en ella se establecen, podrá, *dentro del plazo de treinta (30) días, a partir de la fecha del pago,* presentar demanda jurada contra el Tesorero de Puerto Rico en la corte de distrito correspondiente para obtener la devolución de la cantidad protestada; . . .'' (Bastardillas nuestras.)

Esta ley enmendatoria de 1941 empezó a regir inmediatamente después de su aprobación. Su propósito claro fué no sólo eliminar de sus efectos las contribuciones sobre la propiedad, herencia e ingresos y limitar la misma a los arbitrios, sino también reducir el término para acudir a los tribunales a treinta días a partir de la fecha del pago, en vez del período de un año concedido por la ley original. *Cf. Axton Fisher Tobacco Co.* v. *Buscaglia, Tes.,* 65 D.P.R. 410.

Como la demanda en este caso fué radicada el 18 de diciembre de 1941, las demandantes sostienen que la misma fué presentada dentro del año especificado en la ley 8 de 1927 y que es la corte de distrito la que tiene jurisdicción para conocer del pleito. No obstante, al así argumentar, la demandante pasa por alto el hecho claro de que la ley enmendatoria limitó las acciones en que se podían reclamar contribuciones pagadas bajo protesta a los arbitrios, y de que a tenor de la letra clara de la misma las contribuciones sobre la propiedad, herencia e ingresos, fueron eliminadas expresamente de sus disposiciones.

¿Quedaron las demandantes huérfanas de remedio al aprobarse la citada ley núm. 17 de 1941 y estaban impedidas ellas de reclamar la cantidad pagada bajo protesta? Creemos que no. Por la ley núm. 172 de 13 de mayo de 1941 (pág. 1039) se creó el Tribunal de Apelación de Contribuciones de Puerto Rico, el cual, a tenor con lo provisto

en su sección 4 ". . . *tendrá jurisdicción para revisar la tasación y retasación de la propiedad mueble e inmueble y conocerá de todas las reclamaciones que pudieran formularse ante él por personas interesadas, contra las resoluciones del Tesorero de Puerto Rico que afecten al impuesto y pago de contribución sobre la propiedad,* de la contribución sobre ingresos, y de la contribución sobre trasmisión de bienes por herencia. . . ." No hay duda de que en armonía con esta ley para aquel entonces era el Tribunal de Apelación de Contribuciones de Puerto Rico el que tenía jurisdicción para conocer de una demanda en que estuviere envuelta la tasación de bienes muebles e inmuebles, aunque parte de las contribuciones impuestas se hubiesen pagado bajo protesta a tenor de las disposiciones de una ley anterior. La jurisdicción de ese tribunal en materia de las indicadas contribuciones era amplia y comprensiva y en relación con ellas se privó de jurisdicción a las cortes de distrito para decidir en primera instancia los casos que las envolvieran. *Mayagüez Sugar Co.* v. *Tribunal de Apelación,* 60 D.P.R. 753. La citada ley 172 de 1941, no obstante, no fijó término alguno para radicar ante el Tribunal de Apelación de Contribuciones las querellas correspondientes. *Casa de España* v. *Tribunal de Contribuciones,* 65 D.P.R. 698. De suerte, que cuando se radicó la demanda en el presente pleito las demandantes estaban aún en tiempo para poderla presentar ante el indicado tribunal.

Es cierto que la sección 4 de la ley núm. 172, supra, enfáticamente provee que la jurisdicción de ese tribunal no podrá invocarse por persona alguna hasta que sobre el asunto en discusión haya recaído una resolución administrativa por parte del Tesorero de Puerto Rico, de acuerdo con la ley. A los fines de esa ley, sin embargo, nada impedía que se considerara la tasación que el Tesorero hizo el 9 de agosto de 1940 de las propiedades de la corporación de Delaware como la resolución administrativa a que ella alude. *Cf. Gerardino* v. *Tribunal de Contribuciones,* 68 D.P.R. 219.

No erró la corte inferior al declararse sin jurisdicción ni al desestimar la demanda por tal motivo.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Negrón Fernández no intervino.