JESÚS MARÍA RÍOS BRIONES, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; SOL LUIS DESCARTES, TESORERO DE PUERTO RICO, interventor.

Núm. 246.—*Sometido:* Enero 12, 1951. *Resuelto:* Enero 31, 1951.

*Carlos D. Vázquez* y *Arnaldo P. Cabrera,* abogados del peticionario; *Hon. Procurador General Vicente Géigel Polanco* y *José A. García Malpica, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Se expidió el auto de *certiorari* en este caso bajo una petición en la cual se alegó, en síntesis, que el 10 de octubre de 1949 el peticionario fué notificado de .una deficiencia en

la contribución sobre ingresos para el año 1946; que el 13 del mismo mes solicitó una reconsideración al Tesorero de Puerto Rico, la cual fué denegada el 26 de dicho mes de octubre; que el 10 de noviembre de 1949 el peticionario radicó querella ante el Tribunal de Contribuciones y éste, por resolución de 18 de enero de 1950, se declaró sin jurisdicción para conocer de la misma fundándose en que ésta había sido radicada fuera del término legal. Se alegó asimismo que cuando se le notificó al peticionario la deficiencia, el 10 de octubre de 1949, ya estaban en vigor tanto la Ley núm. 230, aprobada el 10 de mayo de 1949 ((1) pág. 707), enmendatoria de la sección 57(a) de la Ley de Contribuciones sobre Ingresos—(1) por lo cual las disposiciones de dicha sección así enmendada eran aplicables a este procedimiento—como la Ley núm. 235, aprobada en igual fecha ((1) pág. 733), estableciendo un procedimiento uniforme para recurrir ante el Tribunal de Contribuciones.(2)

---

(1) Dicha sección, según quedó enmendada por la mencionada ley, provee:

"Sección 57(a).—Si tratándose de algún contribuyente, el Tesorero determinare que hay una deficiencia con respecto a la contribución impuesta por este título, el contribuyente, excepto lo que dispone la Subdivisión (c), será notificado de dicha deficiencia por correo certificado, y el contribuyente *podrá, dentro de los treinta (30) días siguientes a la fecha del depósito de dicha notificación en el correo*, o dentro de la prórroga que a tales fines le conceda el Tesorero, solicitar de éste, por escrito, reconsideración y vista administrativa sobre el asunto, exponiendo en su solicitud los fundamentos que tuviere para ello. Si el contribuyente no solicitare reconsideración en la forma y dentro del término aquí dispuestos, *o si habiéndola solicitado, el Tesorero confirmare en todo o en parte la deficiencia notificada*, el Tesorero notificará, en ambos casos, *su determinación final al contribuyente*, por correo certificado, y el contribuyente podrá apelar de dicha determinación final para ante el Tribunal de Contribuciones de Puerto Rico en la forma, dentro ·del término y previo el cumplimiento de los requisitos dispuestos por ley." (Bastardillas nuestras.)

(2) El artículo 2(a)(1) de dicha ley, en lo pertinente dispone:

"Artículo 2.—Recursos de los Contribuyentes:

"A.—*Apelación de las Determinaciones del Tesorero de Puerto Rico.* —Cuando un contribuyente no estuviere conforme con una determinación notificádale por el Tesorero de Puerto Rico y tuviere derecho por ley a apelar de ella para ante el Tribunal de Contribuciones de Puerto Rico, deberá hacerlo en la forma, dentro del término y previo el cumplimiento de los requisitos siguientes:

Del examen que hemos hecho de los autos originales del tribunal recurrido, aparece·sin embargo, que la notificación de deficiencia al peticionario en su contribución sobre ingresos para el año 1946 le fué hecha el 15 de enero de 1949; que el 18 del mismo mes y año el contribuyente solicitó la reconsideración de la notificación de dicha deficiencia y que el 10 de octubre el Tesorero confirmó en todas sus partes dicha notificación de 15 de enero de 1949; que tres días después—13 de octubre—solicitó reconsideración de dicha determinación final, la que fué denegada el 26 del propio mes. Aparece, asimismo, que la querella fué radicada el 10 de noviembre de 1949, o sea un día después de vencido el término legal para ello, tomando como punto de partida la fecha en que el Tesorero le notificó su determinación final al contribuyente: 10 de octubre de 1949. Aun cuando en la resolución del tribunal recurrido desestimando la querella por falta de jurisdicción, no se menciona el hecho de la notificación de la deficiencia al contribuyente el 15 de enero de 1949, tal hecho fué obviamente tomado en consideración por dicho tribunal pues era necesario para el resultado correcto a que llegó.

■■ Si bien el peticionario se limitó ante el tribunal inferior, al oponerse a una moción de desestimación del Te-

---

"1.—*Contribución Sobre Ingresos*

"De una determinación final de deficiencia notificada en la forma provista en la Sección 57(*a*) de la Ley de Contribuciones sobre Ingresos de 1924, o de una determinación final denegando una reclamación de reducción, notificada en la forma provista en la Sección 62(*b*) de dicha Ley, radicando su demanda en el Tribunal de Contribuciones de Puerto Rico en la forma dispuesta por la Ley que crea dicho Tribunal, dentro del término de treinta (30) días, a partir de la fecha del depósito en el correo de la referida notificación de la determinación final del Tesorero de Puerto Rico, previa prestación de fianza a favor de éste y ante éste, sujeta a la aprobación de dicho funcionario, por el monto de la contribución notificada, más intereses computados por el período de un (1) año al tipo del seis por ciento (6%) anual; . . . *Y disponiéndose, finalmente,* que tanto el término de treinta (30) días para recurrir ante el Tribunal de Contribuciones de Puerto Rico como la prestación de la fianza antes mencionada, en los casos en que ésta sea requerida, dentro del referido término de treinta (30) días, se considerarán de carácter jurisdiccional."

sorero, a producir prueba tendiente a demostrar su diligencia y gestiones por él realizadas para la radicación de su querella el día anterior al en que quedó registrada en dicho tribunal, sin que suscitara cuestión alguna de derecho, en su alegato ante este Tribunal sostiene que la determinación final notificádale por el Tesorero el 10 de octubre de 1949 no es el punto de partida para computar el término jurisdiccional de 30 días para radicar su querella ante el Tribunal de Contribuciones, pues la misma no constituye una determinación final y sí una notificación de deficiencia, por efecto de la aprobación de las Leyes núms. 230 y 235 anteriormente citadas; y que no habiendo sido denegada su reconsideración hasta el 26 de octubre, la radicación de su querella el 10 de noviembre siguiente lo fué en término hábil.

Es frívola la contención del peticionario. Nada hay en las leyes de referencia que tengan el alcance de dejar sin efecto aquellas actuaciones administrativas del Tesorero sobre notificaciones de deficiencia en la contribución sobre ingresos, hechas a tenor con la sección 57(a) de la ley antes de su enmienda por la Ley núm. 230 mencionada. No obstante el carácter procesal de dichas leyes, *Próspero Fruit Co.* v. *Tribunal de Contribuciones*, 64 D.P.R. 661, 671, sus disposiciones no tienen el alcance que, en sus efectos, les atribuye el peticionario, o sea, el de que todos los procedimientos administrativos anteriores al primero de julio de 1949 han quedado sin eficacia legal, y que es necesario comenzarlos de nuevo. Es inconcebible atribuir al legislador el propósito de crear un caos en la agencia de gobierno encargada de la administración de la Ley de Contribuciones sobre Ingresos. El propósito fundamental al aprobarse la Ley núm. 235 de 10 de mayo de 1949, fué sin duda unificar bajo una sola pieza legislativa los distintos procedimientos para regir la revisión, por parte del Tribunal de Contribuciones, de las determinaciones del Tesorero con relación a toda clase de contribuciones integrantes de la responsabilidad fiscal de los contribuyentes. Por la diversidad en la naturaleza de las

contribuciones existentes en esta jurisdicción, y las peculiaridades de los procedimientos administrativos para la imposición y cobro de cada una de ellas, tales procedimientos administrativos permanecieron en cada una de las leyes referentes a cada una de las distintas clases de contribuciones, mientras se incluía en una sola ley el procedimiento uniforme para recurrir al Tribunal de Contribuciones. Fué necesario, sin embargo, para armonizar las disposiciones de dicha ley, en lo concerniente a contribuciones sobre ingresos, con las de la ley especial sobre dicha materia, que se enmendara la sección 57(a) de la Ley de Contribuciones sobre Ingresos extendiendo de 15 a 30 días el término para que el contribuyente pudiera solicitar la reconsideración de una notificación de deficiencia y dejando a discreción del contribuyente el solicitar o no la reconsideración de dicha deficiencia. Pero, esto no obstante, quedó subsistente y sin alteración el procedimiento administrativo previamente establecido.

█ ██ Bajo las circunstancias expuestas, la notificación héchale al aquí peticionario el 10 de octubre de 1949, constituyó la determinación final sobre la notificación de deficiencia de 15 de enero de dicho año, y habiendo el contribuyente radicado su querella el 10 de noviembre siguiente, lo hizo fuera del término jurisdiccional de 30 días establecido para ello por ley. La moción de reconsideración de 13 de octubre de 1949 no interrumpió dicho término, ya que la ley no autoriza a un contribuyente a solicitar la reconsideración de una determinación final del Tesorero.

*La resolución del Tribunal de Contribuciones será confirmada.*

El Juez Asociado Sr. Snyder no intervino.