PROFESSIONAL REALTY CORPORATION, demandante y apelante, *v.* TESORERO DE PUERTO RICO, demandado y apelado.

Número 11040.

*Sometido:* 1 de febrero de 1955. *Resuelto:* 24 de febrero de 1955.

*Celestino Iriarte* y *F. Fernández Cuyar,* abogados de la apelante; *Hon. Secretario de Justicia, José Trías Monge* y *Arnaldo P. Cabrera, Procurador Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El 6 de septiembre de 1951, la Professional Realty Corporation presentó en el anterior Tribunal de Contribuciones una demanda contra el Tesorero de Puerto Rico, hoy Secretario de Hacienda, en la cual alegó, en síntesis, lo siguiente: Que la peticionaria era dueña de un edificio situado en San Juan, el cual estaba en construcción en 1ro. de julio de 1948; que la Ley núm. 151 de 11 de mayo de 1948 ((1) pág. 349), eximió de la imposición y pago de contribuciones sobre la propiedad, incluyendo las que estuvieren impuestas para el año 1948–49, a todo edificio que estuviere en construcción a partir del 1ro. de julio de 1948; que a pesar de las disposiciones de dicha ley, el querellado impuso contribuciones sobre la propiedad y exigió el pago de las mismas, sobre el edificio en construcción de la peticionaria, inclusive sobre los materiales a usarse en dicha construcción, imponiéndose tales contribuciones por un monto de $3,121; que la peticionaria satisfizo oportunamente todas las contribuciones sobre la propiedad que se impusieran sobre el solar en que ubica su referido edificio y en cuanto a las impuestas sobre su edificio en construcción y materiales que se incorporaron a la obra, solicitó por escrito del querellado que dejara sin efecto dicha imposición y cobro, a lo cual éste se negó; que en 21 de julio de 1951, la peticionaria solicitó por escrito del querellado la reconsideración de su referida resolución, y en 7 de agosto siguiente, fué declarada sin lugar; que en las contribuciones impugnadas figura el recibo de contribuciones sobre la propiedad número 1578 correspondiente al año 1948–49, expedido a nombre de "Professional Realty Corporation". Termina la demanda con súplica de que se reconozca a la peticionaria su derecho a disfrutar de la exen-

ción concedida a los edificios en construcción, bajo la susodicha Ley núm. 151, y que en su consecuencia se anule el recibo antes indicado y se deje sin efecto su cobro.

El Tesorero contestó aceptando los hechos alegados en la demanda a excepción de que se hubiera impuesto y cobrado contribución alguna sobre el edificio en construcción, alegando en contrario que la contribución impugnada, cuyo monto correcto es de $5,554.40, se impuso sobre el solar y los materiales que poseía la peticionaria en 15 de enero de 1948. Alegó también que estando pendiente de pago el recibo número 1578, la peticionaria envió un cheque al Colector de Corporaciones para pagar contribuciones de años posteriores, y el demandado aplicó de dicho cheque, la suma de $3,554.40 como pago de la contribución sobre el solar y los materiales ya mencionados a que se contrae el recibo número 1578. El Tesorero solicitó también la desestimación de la demanda fundándose en que el tribunal carecía de jurisdicción, toda vez que la acción ejercitada por la peticionaria, era en esencia una sobre reintegro, y que faltaba en la demanda la alegación esencial de que la contribuyente había sufrido el peso del pago de la contribución.

Al celebrarse el juicio correspondiente, la contienda quedó limitada a una cuestión de derecho, a saber: si los materiales que estaban arrimados para ser usados en el edificio en construcción, estaban o no exentos del pago de contribuciones sobre la propiedad, bajo la Ley núm. 151 de 1948. Ello no obstante, las partes presentaron prueba documental, que fué admitida sin oposición.(1) Esta prueba, sin embargo, no se

---

(1) La prueba de la peticionaria consistió en una carta de 19 de junio de 1951 dirigida por el Tesorero Interino de Puerto Rico al Presidente de la Professional Realty Corporation, denegando la solicitud hecha por ésta en 21 de mayo del mismo año, para que se cancelara el recibo número 1578; (2) solicitud de reconsideración de la anterior resolución, hecha por los abogados de la peticionaria; y (3) comunicación del Tesorero a dichos abogados, ratificando su resolución. La del demandado consistió de (1) Balance a 31 de diciembre de 1947, rendido en febrero de 1948 por la peticionaria al Departamento de Hacienda, informando que tenía materiales de construcción arrimados a la obra, por valor de $80,000, maquinaria mue-

refiere ni substancia la alegación hecha por el Tesorero en su contestación al efecto de que el importe del recibo número 1578—que representa la contribución en litigio—fué satisfecho. Ese hecho quedó en las alegaciones sin ser probado, o admitido por la parte contraria. No obstante la corte a quo resolvió que la acción ejercitada por la peticionaria era una de reintegro; que en esta clase de acciones "constituye requisito jurisdiccional (a) que la demandante alegara en su demanda que ella sufrió el peso económico de la contribución que reclama y (b) que lo probara en el juicio". Como la peticionaria no cumplió con ese requisito, dicha corte dictó sentencia desestimando la demanda por falta de jurisdicción.

En apelación la peticionaria alega (1) que erró la corte a quo al fundar su sentencia exclusiva y totalmente en hechos meramente alegados por el demandado y no probados en forma ni manera alguna, y (2) que asumiendo que fuese correcta la disposición del caso hecha por la corte a quo, ésta erró al no concederle permiso a la demandante para enmendar su demanda.

El apelado, por su parte plantea, como cuestión previa, la falta de jurisdicción del tribunal sentenciador, por motivos distintos a los consignados en la sentencia apelada. Su contención es que la demanda en este caso se interpuso en el Tribunal de Contribuciones fuera del término legal. Examinemos primero dicha cuestión.(²)

Surge de los autos que la notificación de la tasación de los bienes sobre los cuales el entonces Tesorero de Puerto Rico impuso la contribución sobre la propiedad que está en litigio, fué hecha a la contribuyente Professional Realty

---

ble y herramientas por valor de $17,463 y mobiliario y útiles por valor de $65; y (2) Notificación de la tasación de la propiedad mueble antes descrita, para el año 1948–49, hecha por el Tesorero a la contribuyente en febrero 11 de 1949 y Notificación de la Tasación del solar en que enclava el edificio de la peticionaria, para el mismo año contributivo.

(²) Tratándose de una cuestión jurisdiccional podemos resolverla aunque se haya planteado por vez primera en apelación. *P. R. & Am. Ins. Co.* v. *Pueblo*, 68 D.P.R. 677; *Valiente & Cía.* v. *Cuevas, Comisionado*, 65 D.P.R. 181.

Corporation, el día 11 de febrero de, 1949; que el 21 de mayo de 1951 la contribuyente se dirige al Tesorero solicitando que se anule el recibo número 1578, correspondiente al año 1948–49, que había sido expedido para el cobro de la ameritada contribución. En 19 de junio de 1951 el Tesorero denegó esta solicitud. El día 21 de julio siguiente la contribuyente solicitó del Tesorero la reconsideración de su resolución. El 17 de agosto del mismo año el Tesorero declaró sin lugar la solicitud de reconsideración. La demanda se interpuso en el Tribunal de Contribuciones el día 6 de septiembre de 1951.

La Ley núm. 169 de 15 de mayo de 1943,([3]) en vigor para la fecha en que se hizo la notificación de la tasación disponía que la contribuyente podía recurrir al Tribunal de Contribuciones dentro de los 30 días siguientes de la notificación que a la misma haga el Tesorero de Puerto Rico en cualquiera de los siguientes casos: (1) tasación o retasación de propiedad mueble tangible o intangible o inmueble . . . Disponiéndose, que el término de 30 días a que hace referencia esta sección quedará en suspenso *si durante el mismo* se solicitase la reconsideración de su actuación al Tesorero y éste decidiese reconsiderarla, en cuyo caso el indicado término de 30 días ya iniciado se seguirá contando desde la fecha en que el Tesorero notifique a la parte interesada su decisión final en el incidente sobre reconsideración . . ." ([4]) (Bastardillas nuestras.) También disponía dicha ley en su sec. 4, que no podría invocarse la jurisdicción del Tribunal de Contribuciones hasta que sobre el asunto en discusión hubiera recaído la correspondiente resolución administrativa por parte del Tesorero de Puerto Rico.

En este caso la resolución administrativa del Tesorero lo fué evidentemente, la notificación de la tasación hecha a la

---

([3]) Leyes de Puerto Rico de 1943, página 601.

([4]) El artículo 309 del Código Político, según fué enmendado por la Ley núm. 222 de 1942 ((1) pág. 1247), establecía términos distintos para acudir ante el Tribunal de Contribuciones, pero dichos términos quedaron sin efecto al aprobarse la citada Ley núm. 169 de 1943. Véase, *Puerto Rico High Shool of Commerce* v. *Tribunal de Contribuciones,* 68 D.P.R. 804.

contribuyente en febrero 11 de 1949. Véanse *Puerto Rico High School of Commerce* v. *Tribunal de Contribuciones*, 68 D.P.R. 804; *Gerardino* v. *Tribl. Contribuciones*, 68 D.P.R. 219; *Cía. Ron Carioca* v. *Buscaglia, Tes.*, 69 D.P.R. 873. De todo lo expuesto surge el hecho incontrovertido de que la contribuyente no acudió ante el Tribunal de Contribuciones dentro de los 30 días siguientes a la notificación de la tasación de la propiedad así como que dicho término no quedó en suspenso en virtud de una solicitud de reconsideración. En consecuencia, la contribuyente no atacó oportunamente por la vía judicial la legalidad de la tasación notificádale. Bajo la Ley de 1943 quedó en esa forma terminada cualquier controversia en relación con la legalidad de la tasación de la propiedad notificada en febrero del año 1949.

 Sin embargo el día 14 de julio de 1949 comenzó a regir la Ley núm. 235 de ese año ((1) pág. 733) que establece un procedimiento uniforme para recurrir ante el Tribunal de Contribuciones en todos los casos de jurisdicción de dicho tribunal. Dicha ley concedió a los contribuyentes el recurso de apelación para ante el Tribunal de Contribuciones contra las determinaciones del Tesorero. En cuanto a la contribución sobre la propiedad concedió el derecho a apelar de la *imposición de la contribución* y no de la tasación de la propiedad según disponía la Ley 169 de 1943. Este derecho de apelación hay que ejercitarlo en la siguiente forma:

"(a) De la imposición de la contribución, notificada en la forma provista en el Artículo 309 del Código Político Administrativo de Puerto Rico, pagando la parte de la contribución con la cual estuviere conforme el contribuyente y radicando su demanda en el Tribunal de Contribuciones de Puerto Rico en la forma dispuesta por la Ley que crea dicho Tribunal (1) dentro del término de treinta (30) días a partir de la fecha de la notificación personal provista por el referido Artículo 309; o (2) dentro del término de treinta (30) días a partir de la fecha del depósito en el correo de la notificación de la imposición de la contribución, si la notificación fuere hecha por correo certificado de acuerdo con dicho Artículo 309; *Disponiéndose,* que tanto el

término de treinta (30) días para recurrir ante el Tribunal de Contribuciones de Puerto Rico como el pago dentro de dicho término de la parte de la contribución con la cual estuviere conforme el contribuyente, se considerarán de carácter jurisdiccional." (Artículo 2 A-3 de la Ley Núm. 235 de 10 de mayo de 1949.)

Este procedimiento estaba ya en vigor cuando la contribuyente solicitó del Tesorero de Puerto Rico en 21 de mayo de 1951 que se dejara sin efecto la imposición y cobro de la contribución envuelta en este litigio.([5]) Admitiendo en la forma más favorable para la contribuyente, que la imposición de la contribución se hizo después de estar en vigor la Ley núm. 235 de 1949 y que bajo este estatuto surgió el derecho de la contribuyente a apelar de dicha imposición, ella venía obligada a radicar su demanda dentro de los 30 días siguientes a la notificación de la imposición de la contribución. Concediendo nuevamente, ya que de los autos no surge la fecha en que se hizo la notificación de la imposición de la contribución, que la misma fué hecha el 21 de mayo de 1951, fecha ésta en que la contribuyente solicitó que se anulara y dejara sin efecto dicha imposición, la demandante venía obligada a radicar su demanda dentro de los siguientes 30 días, cosa que no hizo. Por el contrario ella se concretó a solicitar la reconsideración de la resolución del Tesorero negándose a anular la imposición de la contribución. Desde el 21 de mayo

---

([5]) Para ese entonces regía también la Ley núm. 328 de 13 de mayo de 1949, creando el Tribunal de Contribuciones de Puerto Rico. En su art. 3, este estatuto dispone:

"Artículo 3.—Todas las acciones, recursos o procedimientos que deban sustanciarse ante el Tribunal de Contribuciones de Puerto Rico se iniciarán mediante demanda de la persona o entidad recurrente, formulada en nombre propio o por medio de representante legal debidamente autorizado, dentro del término de treinta (30) días siguientes a la fecha de la notificación que a la misma haga el Tesorero de Puerto Rico, en cualquiera de los siguientes casos: (1) contribuciones sobre propiedad mueble o inmueble; (2) contribuciones sobre herencias o donaciones; (3) contribuciones sobre ingresos; (4) contribuciones sobre enriquecimiento injusto; (5) contribución de seguro social; (6) denegatorias de reintegros autorizados por ley, de cualquier clase de contribución pagada indebidamente o en exceso o cobrada ilegalmente por cualquier otra causa;..."

de 1951 hasta la fecha en que la demanda fué radicada, 6 de septiembre de 1951, transcurren más de cien días. El término de 30 días que concede el antes mencionado estatuto de 1949,(⁶) para recurrir ante el Tribunal de Contribuciones no se interrumpe al solicitarse del hoy Secretario de Hacienda la reconsideración de su determinación imponiendo contribuciones sobre la propiedad. Ni este estatuto ni el que crea el Tribunal de Contribuciones—Ley núm. 328 de 1949—autorizan a un contribuyente a solicitar la reconsideración de una determinación final del Tesorero en materia de contribución sobre la propiedad. *Ríos* v. *Tribl. de Contribuciones*, 72 D.P.R. 124. Concluímos que habiéndose radicado la demanda en este caso fuera del término de 30 días, según provisto por ley, la corte a quo carecía de jurisdicción, y su sentencia así declarándolo, aunque basada en fundamentos distintos, debe ser confirmada. Ello hace innecesario entrar a considerar los errores señalados por la apelante.

*Se confirma la sentencia apelada.*

---

(⁶) Hemos visto que la Ley creando el Tribunal de Contribuciones aprobada también en 1949, concede igual término de 30 días para recurrir ante el mencionado tribunal en caso de contribuciones. Véase el escolio 5.