FÉLIX A. MATOS, recurrente, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. RAMÓN CANCIO, JUEZ, recurrido.

*Número:* 94      *Resuelto:* 17 de mayo de 1963

*Guillermo S. Pierluissi,* abogado del peticionario; *J. B. Fernández Badillo, Procurador General, Arturo Estrella, Procurador*

*General Interino,* y *Jenaro Marchand, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

SENTENCIA

Considerando que de acuerdo con el Art. 12 de la Ley Núm. 77 de 22 de junio de 1956, enmendada por la Ley Núm. 126 de 27 de junio de 1958 denominada "Ley de la Policía de Puerto Rico", la Comisión de la Policía ha sido facultada para adoptar reglas concernientes al trámite de las apelaciones de la determinación del Superintendente expulsando a un miembro de la Fuerza, apelación que deberá hacerse dentro de un término de 10 días a partir de la notificación objeto de la apelación (25 L.P.R.A. sec. 221j(b) y 221k(a)(1)), y a tal efecto la Comisión aprobó un reglamento que fue aprobado por el Gobernador disponiendo que:

"Una apelación quedará establecida mediante la radicación por la parte perjudicada de un escrito de apelación con el secretario. Se entenderá por radicada en tiempo la apelación si a la fecha en que la misma fuese recibida en la secretaría, o hubiere sido depositada en la oficina de correos, según la indicación del matasellos, no hubiere expirado aún el término de 10 días de haber sido notificado del castigo o resolución objeto de la apelación." 25 R.&R.P.R. sec. 221j-4; y

Considerando que en este caso el Secretario de la Comisión no recibió el escrito de apelación dentro del referido término de diez días ni se comprobó por el matasellos que la misma hubiere sido depositada en la oficina de correos antes de expirar dicho término, la Comisión carecía de facultad para determinar que se había apelado dentro de dicho término de diez días basada en una declaración jurada de la representación legal del recurrente al efecto de que había cursado el escrito de apelación dentro del término indicado y que el mismo no se había recibido ni por la Secretaría de la Comisión ni por la Oficina del Superintendente; por lo tanto carecía la

Comisión de jurisdicción para entender del caso. *Puerto Rico High School of Commerce v. Tribunal de Contribuciones*, 68 D.P.R. 804, 808 (1948) ; *La Capital* v. *Tugwell, Gobernador*, 61 D.P.R. 865 (1943) ; Barron & Holtzoff, *Federal Practice and Procedure*, Vol. 3A, sec. 1553, pág. 65.

En tal virtud se confirma la sentencia del Tribunal Superior, Sala de San Juan, dictada en el caso Civil Núm. 59-2469, *Ramón Torres Braschi, Superintendente de la Policía de Puerto Rico*, v. *Comisión de la Policía de Puerto Rico*, de fecha 21 de septiembre de 1959.

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:
    (Fdo.) Ignacio Rivera
      *Secretario*