XEROX CORPORATION, demandante y recurrida, *v.* SECRETA-RIO DE HACIENDA, demandado y peticionario.

*Número:* O-84-337      *Resuelto:* 18 de octubre de 1984

*Carmen A. Bravo, Procuradora General Auxiliar,* abogada de El Pueblo; *Roberto Montalvo Carbia,* de *Goldman & Antonetti,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

El Departamento de Hacienda tasó bienes muebles que la recurrida Xerox Corporation tiene para la venta y alquiler en diversos municipios. Sobre la base de esa tasación le notificó una contribución de $919,300.17 para el año fiscal 1981–82. Las notificaciones se realizaron conforme el Art. 307 del Código Político, según enmendado, 13 L.P.R.A. sec. 458. (1) Inconforme, Xerox decidió impugnarlas. A tal efecto estimó que sólo procedía una contribución ascendente a $206,155.51. Dentro del término de 30 días de la notificación pagó $185,539.96, cuantía que representaba la contribución estimada luego de deducido un 10%, bajo el criterio de haberlas satisfecho dentro de los primeros treinta (30) días. En igual término formuló demanda para impugnar la tasación.

Hacienda solicitó la desestimación. Adujo que dicha acción estaba predicada en el Art. 2(A)(3)(a) de la Ley Núm. 235 del 10 de mayo de 1949 (13 L.P.R.A. sec. 282(A)(3)(a)), (2)

---

(1) Hecho admitido por Hacienda en contestación a un interrogatorio cursado por Xerox.

(2) Reza:

"(3) *Contribución sobre la Propiedad*

"(a) De la imposición de la contribución, notificada en la forma provista en la sec. 459 de este título, pagando la parte de la contribución con la cual estuviere conforme el contribuyente y radicando su demanda en el Tribunal Superior en la forma dispuesta por las secs. 286 a 289 de este título (1) dentro del término de treinta (30) días a partir de la fecha de la notificación personal provista por la sec.

el cual no autoriza descuento alguno a la contribución con la que está conforme. El Tribunal Superior, Sala de San Juan, se negó a desestimar, por aceptar los siguientes planteamientos de Xerox: (1) que la acción no se instó bajo el Art. 2(A)(3)(a) de la Ley Núm. 235, sino el Art. 3 de la Ley Núm. 328 del 13 de mayo de 1949 (13 L.P.R.A. sec. 286), que no exige previa consignación para litigar una contribución impugnada; y (2) si se arguyera que fue bajo el Art. 2(A)(3)(a), procedía el descuento del 10% por autorizarlo la Ley Núm. 80 de 25 de junio de 1959, según enmendada, 13 L.P.R.A. sec. 476b(a). (³)

## II

Bajo el diseño legislativo prevaleciente, para un contribuyente poder instar acción a tono con el Art. 2(A)(3)(a) debe cumplir con dos requisitos jurisdiccionales: presentar la demanda ante el Tribunal Superior correspondiente previo el pago de la contribución que estimare procedente, y ello dentro de treinta (30) días. Conforme este trámite no puede acogerse a los descuentos conferidos por la Ley Núm. 80. Esa rebaja sólo está disponible si el contribuyente, aun cuando va a litigar el tributo, lo paga en su totalidad. Así lo intimamos, aunque bajo controversia distinta, en *Gómez Hnos., Inc.* v. *Srio. de Hacienda,* 114 D.P.R. 367 (1983), en

---

459 de este título, ó (2) dentro del término de treinta (30) días a partir de la fecha del depósito en el correo de la notificación de la imposición de la contribución, si la notificación fuere hecha por correo certificado de acuerdo con dicha sec. 459 de este título; Disponiéndose, que tanto el término de treinta (30) días para recurrir ante el Tribunal Superior como el pago dentro de dicho término de la parte de la contribución con la cual estuviere conforme el contribuyente, se considerarán de carácter jurisdiccional."

(³) Dispone en lo pertinente:

"(a) Se concederán los siguientes descuentos sobre el importe de la contribución sobre la propiedad mueble, si el pago se efectuare en la forma y dentro del plazo correspondiente:

(1) Diez (10) por ciento del monto de cada semestre, *si el pago de ambos semestres se efectuase conjuntamente y dentro de treinta (30) días a partir de la fecha en que los recibos estuvieren en poder del colector y así se anunciare.*" (Énfasis suplido.)

que resolvimos que no procedía el descuento por pronto pago para la porción de la contribución litigada y finalmente determinada. Estos descuentos tienen el propósito dual de premiar al contribuyente que prontamente salda *la totalidad* de la contribución y además fomenta la pronta recaudación fiscal.

■ La posición de Xerox entremezcla ventajosamente dos mecanismos independientes. Acceder sería reconocer la concesión de dos gracias simultáneas, litigar con sólo pagar la contribución que está conforme, a la par que acogerse a un descuento sin satisfacer la totalidad. La consecuencia tributaria sería negativa. No cumple los fines legislativos. Inclusive, se presta para que se utilice la porción correspondiente al descuento para sufragar litigios que en ocasiones pueden ser frívolos. Resolvemos que el contribuyente que desee litigar no puede acogerse al descuento por pronto pago. Tiene que satisfacer la totalidad de la contribución dentro del plazo exigido. De finalmente prevalecer su impugnación, el remedio sería otorgado en la propia sentencia, al ordenar el foro adjudicativo el reintegro. De este modo si triunfa en su reclamo jurídico se beneficia del descuento y recibe el reintegro más los intereses a que sea acreedor. *Gómez Hnos., Inc.* v. *Srio. de Hacienda*, supra.

### III

Aclarado este extremo, evaluemos si Xerox tiene razón en su alegación sobre el trámite seguido. La acción bajo el Art. 2(A)(3)(a) de la Ley Núm. 235 está reservada para las eventualidades en que Hacienda notifica la contribución en la forma provista por el Art. 309 del Código Político, 13 L.P.R.A. sec. 459.[4] Hacienda admite que aquí la notifi-

---

(4) Lee:

"Cuando se hiciere algún cambio en la tasación vigente de la propiedad de cualquier contribuyente, o se tasare la propiedad de un contribuyente que no hubiere sido anteriormente tasada, o se hiciere alguna alteración en la planilla de tasación presentada por algún contribuyente, o cuando el contribuyente hubiere

cación se hizo en la forma prescrita por el Art. 307 del Código Político, 13 L.P.R.A. sec. 458.(5) Esta última guarda

solicitado la revaloración de su propiedad, el Secretario de Hacienda o el colector de rentas internas a quien corresponda, notificará a dicho contribuyente de la valoración y de la contribución impuesta, con entrega de una copia de la misma al contribuyente, o a cualquier miembro mayor de edad de su familia o empleado suyo que sea mayor de edad, o a la persona que estuviere encargada de dicha propiedad, o remitiendo la notificación por correo, dirigida al contribuyente a la estación de correos del municipio de su residencia, y si ésta le fuera desconocida, a la estación de correos del municipio donde radique la propiedad en aquellos casos en que haya sido imposible la notificación personal; y el contribuyente vendrá obligado a pagar la contribución en la forma y dentro del término dispuesto en la sec. 476 de este título. En los casos a que se refiere esta sección el contribuyente podrá, no obstante, apelar de la contribución así impuéstale y notificádale, para ante el Tribunal Superior en la forma, dentro del término y previo el cumplimiento de los requisitos provistos por ley.

"Si la decisión del Tribunal Superior, o, en apelación, la de la Corte Suprema fuera adversa al contribuyente, dicha decisión dispondrá que la contribución impugnada o la parte de ella que estimare dicho Tribunal o Corte como correctamente impuesta, sea pagada con los intereses correspondientes desde la fecha en que hubiere vencido el término concedido por ley para el pago de la contribución sin intereses.

"Si, en grado de apelación de una decisión adversa al contribuyente, la decisión de la Corte Suprema fuera favorable a éste, y el contribuyente hubiere pagado la contribución impugnada con posterioridad al fallo del Tribunal Superior, dicha decisión dispondrá que se devuelva a dicho contribuyente la contribución o la parte de ella que estimare dicha Corte fue cobrada ilegalmente o en exceso, con sus intereses sobre dicha suma al tipo de seis (6) por ciento anual, computados desde la fecha del pago de la contribución impugnada."

(5) Rezaba:

"A medida que la tasación o revisión de tasación de propiedad, según se dispone en ésta, vaya haciéndose, o con aquellos intervalos de tiempo que pueda señalar el Secretario de Hacienda, cada tasador remitirá prontamente las planillas terminadas al Secretario de Hacienda, quien hará que éstas sean examinadas y ordenadas, e impondrá la contribución correspondiente, de acuerdo con ellas. Una vez impuesta la contribución y dentro de los primeros diez (10) días después de haber recibido para su cobro los recibos correspondientes, cada colector deberá fijar en la colecturía, en la casa municipal, en los edificios dentro del municipio ocupados por los Tribunales Superior y de Distrito y por lo menos en una de las escuelas de cada barrio rural, en sitio que sea fácilmente accesible al público, un aviso indicando [sic] la fecha desde la cual los tales recibos se encuentran al cobro en la colecturía correspondiente. Será deber del Secretario de Hacienda dentro del término de diez (10) días siguientes a la fecha en que remita a los distintos colectores los recibos correspondientes, dar aviso de ello al público por lo menos en un periódico diario de circulación general en el Estado Libre Asociado de Puerto Rico; Disponiéndose, que el Secretario de Hacienda podrá, a [su] discreción, utilizar medios adicionales de dar este aviso al público. No será necesaria ninguna otra notificación o aviso de la imposición de la contribución y, a los efectos del pago de la

silencio en cuanto al procedimiento a seguir en este tipo de notificación. Ello no significa que exista un vacío estatutario. Nos explicamos.

Observamos que los medios de notificación del Art. 309 del Código Político, 13 L.P.R.A. sec. 459, se utilizan cuando ocurre un cambio en la tasación vigente de la propiedad o se tasa propiedad que no ha sido tasada anteriormente, o se altera la planilla de tasación presentada por algún contribuyente, o cuando el contribuyente haya solicitado la revaloración de la propiedad. Ahora bien, la tasación de un año anterior puede servir de base para tasar e imponer la contribución en un año subsiguiente si el contribuyente no solicita la revaloración de su propiedad o si el Secretario de Hacienda motu proprio no procede a tasar o valorar de nuevo los bienes. Art. 295 del Código Político, 13 L.P.R.A. sec. 447. Aplica a inmuebles como muebles. En tal situación la notificación de la tasación y de la contribución impuesta se hace a través de los avisos fijados y publicados, a tenor con el Art. 307 del Código Político, 13 L.P.R.A. sec. 458; *García Com-[m]ercial* v. *Srio. de Hacienda*, 80 D.P.R. 765, 769 (1958).

■ El legislador omitió una referencia expresa al Art. 307 del Código Político en el Art. 2(A)(3)(a) de la Ley Núm. 235, por ser innecesaria. La lectura integral de sus Arts. 1 y

---

misma, según se dispone en la sec. 476 de este título la fijación y publicación de los avisos dispuestos en la presente, en la forma aquí provista, constituirán respecto de cada contribuyente, plena notificación de la imposición de la contribución; Disponiéndose, que cuando en el curso del ejercicio económico se expidan, en casos aislados, recibos nuevos, adicionales o sustitutos, que por cualquier causa no pudieron expedirse al comienzo del ejercicio económico, fuera de los especificados en la sec. 459 de este título, no será necesaria la fijación y publicación de estos avisos, debiendo en estos casos el colector de rentas internas notificar al contribuyente por escrito dentro de los cinco (5) días de tener el recibo en su poder, remitiendo la notificación por correo, dirigida al contribuyente, a la estación de correos del municipio de su residencia y si ésta fuera desconocida, a la estación de correos del municipio en que radique la propiedad. En estos casos será notificación suficiente de la imposición de la contribución la remisión de la notificación por correo, y el certificado del colector de haber depositado la notificación en la oficina de correos bajo sobre sellado y debidamente franqueado será prueba concluyente de la notificación."

2(A) refleja un enfoque global y unitario respecto a los procedimientos judiciales. La Ley Núm. 235 del 10 de mayo de 1949 (13 L.P.R.A. secs. 281–285) unificó todos los distintos procedimientos de revisión con relación a toda clase de contribuciones. *Ríos* v. *Tribl. Contribuciones y Descartes, Int.*, 72 D.P.R. 124 (1951). En consecuencia, tanto en notificaciones bajo el Art. 307 al igual que el Art. 309 del Código Político, todo contribuyente que desee litigar una determinación contributiva del Departamento de Hacienda tiene que cumplir con los requisitos dispuestos en la ley.

■ Xerox indebidamente descontó un 10% de la contribución con la que estaba conforme. De ordinario ello constituiría un defecto jurisdiccional que conlleva la desestimación de la demanda. Sin embargo, tomamos conocimiento judicial de casos análogos pendientes, en que a diversos contribuyentes se les ha aplicado el trámite expuesto. Hasta el día de hoy, la pauta jurídica no había sido debidamente aclarada. En estas circunstancias procede que atemperemos el rigor de esta decisión concediéndole un término perentorio de diez (10) días para que Xerox consigne el diez por ciento (10%) retenido bajo pena de desestimación. Así podrá dilucidar en sus méritos la procedencia de la impugnación. Este término aprovechará para cualquier otro litigante en casos análogos con igual planteamiento.

Conforme lo expuesto, *se dictará sentencia bajo la Regla 50 de nuestro Reglamento.*

El Juez Presidente Señor Trías Monge no intervino.