EQUITY DE PUERTO RICO, INC., a/c IGNACIO RIVERA, PRESIDENTE, recurrente y peticionaria, *v.* SECRETARIO, DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR; y FRANCISCO MARTÍN VÉLEZ, recurridos.

*Número:* O-78-99    *Resuelto:* 17 de mayo de 1978

*Olaguibeet A. López Pacheco,* abogado de la peticionaria; *Lucía Ferreira de Morales,* abogada de los recurridos.

PER CURIAM : ■ La controversia planteada en este caso lo es si al establecer un recurso de revisión ante el Tribunal Superior de una decisión del Secretario del Departamento de Asuntos del Consumidor es necesario que el peticionario cumpla con todos los requisitos establecidos por la Regla 6 de las aplicables a los recursos para la revisión de decisiones administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VIII-A, Sup. Acum. 1977, a pesar de que la Ley Orgánica del Departamento de Asuntos del Consumidor provee un procedimiento para la revisión judicial de decisiones del Secretario. 3 L.P.R.A. sec. 341p.

El trasfondo del caso es el siguiente. El Secretario del Departamento de Asuntos del Consumidor determinó que la recurrente-peticionaria Equity de Puerto Rico, Inc., había violado las disposiciones del Art. 14 de la Ley Núm. 148 de 27 de junio de 1968, ([1]) 23 L.P.R.A. sec. 1014, consistiendo dicha violación

"En que anuncian mediante panfleto 'Lista de Precios de 1974' obras de derecho. Entre los tomos que anuncian están a la venta los siguientes: 1 al 83 y 88 a 100 en español y 88 a 97 en inglés a un precio por tomo de $15.00. Alega el Sr. Martínez [*sic*] que se comunicó con la Equity of P.R. Inc. y le indican que aunque en el catálogo se hace esa publicación, la misma no es cierto [*sic*] pues no las tienen. El mismo se considera un anuncio engañoso y falso para el consumidor."

---

([1]) "Se prohíbe todo tipo o clase de acto, práctica, anuncio o publicidad que constituya o tienda a constituir fraude o engaño, en donde el artículo, producto o servicio sea falsamente representado o que cree en el consumidor una imagen o impresión errónea sobre la marca, precio, cantidad, tamaño, calidad, cualidad, salubridad o cualquier otra característica del producto, artículo o servicio."

El Secretario impuso a la peticionaria-recurrente una multa administrativa de $200. Equity de Puerto Rico, Inc., solicitó reconsideración que fue denegada en 3 de enero de 1978. En 12 de enero de 1978, a tenor con lo dispuesto en el Art. 17 de la Ley Orgánica del Departamento mencionado, 3 L.P.R.A. sec. 341p, presentó ante el Tribunal Superior, Sala de San Juan, una solicitud de revisión de la Resolución y Orden del Secretario recurrido que fue notificada a éste oportunamente.

El Secretario presentó una Moción de Oposición a la Expedición de Auto de Revisión en la que sostenía que la peticionaria-recurrente no había cumplido con las disposiciones de la Regla 6(d) de las Reglas Aplicables a los Recursos de Revisión de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VIII-A. La referida Regla 6(d) establece que la solicitud de revisión ha de ir acompañada de un apéndice conteniendo copia literal de varios documentos que son parte integrante del expediente del caso. En 7 de febrero el tribunal de instancia emitió resolución declarando sin lugar la solicitud de revisión por el fundamento de no haber cumplido la recurrente-peticionaria con las disposiciones de dicha Regla 6.

Equity de Puerto Rico, Inc., presentó moción de reconsideración que fue declarada sin lugar, por lo que recurrió ante nos en petición de *certiorari* señalando como error el dictamen del tribunal de instancia al efecto de que no se había cumplido con la antes mencionada Regla 6. Señala, además, que el tribunal recurrido no estaba en posición de resolver sin tener ante sí una copia certificada de los documentos que obran en el expediente, los cuales debieron haber sido elevados por el Secretario dentro de los diez (10) días después de la radicación del recurso. Alega, además, la recurrente-peticionaria que el tribunal de instancia debió imponer al Secretario sanciones por no elevar copia de dichos documentos, incluyendo entre tales sanciones la revocación de la Resolución y Orden administrativa.

■ La Regla 4 del cuerpo general de reglas aplicables a los recursos para la revisión de decisiones administrativas ante el Tribunal Superior, dispone que en los casos en que exista una ley especial que autorice el recurso (si éste es discrecional) y ésta no disponga en todo o en parte cómo hacer la solicitud, ésta se preparará, notificará y formalizará de acuerdo con el cuerpo general de reglas ya mencionado. 4 L.P.R.A. Ap. VIII-A R 4. Dicha Regla 4 lee como sigue:

"Si la expedición del auto de revisión fuere discrecional del Tribunal Superior, de acuerdo con las leyes especiales que autorizan el recurso, *y éstas no dispusieran en todo o en parte cómo hacer la solicitud,* ésta se preparará, notificará y formalizará de la manera que aquí se dispone." (Énfasis suplido.)

En adición, la Regla 6 del mismo cuerpo de reglas exige, en los casos aplicables, que junto a la solicitud de revisión deberá acompañarse un apéndice que contenga copia literal de lo siguiente: la decisión administrativa, las alegaciones pertinentes a dicha decisión, la moción de reconsideración, si la hubiere, la resolución de dicha moción, cualquier otra decisión o escrito en que se discuta cualquier asunto planteado en la solicitud de revisión y cualquier otro documento que forme parte de los autos ante el organismo administrativo y que la parte recurrente estime indispensable al Tribunal Superior para resolver sobre la expedición del auto.

Por otro lado, la ley especial en el caso de autos que rige la revisión de las decisiones del Secretario del Departamento de Asuntos del Consumidor dispone lo siguiente:

"(c) El recurso de revisión se formalizará presentando una solicitud en la Secretaría del Tribunal, en la cual se expondrán los fundamentos en que se apoya la solicitud de revisión. Radicado el recurso, el peticionario deberá notificar el mismo al Secretario dentro de un término de cinco (5) días a partir de su radicación.

(d) Establecido el recurso de revisión *será deber del Secretario elevar al Tribunal* copia certificada de los documentos que obren en el expediente, dentro de un término de diez (10) días

a contar de la fecha que fuere notificado de la radicación del recurso de revisión." (Énfasis suplido.) 3 L.P.R.A. sec. 341p.

Obsérvese que los escritos a los que se refiere la Regla 6 que deben elevarse al Tribunal Superior forman parte del expediente que el Secretario del Departamento de Asuntos del Consumidor viene obligado a elevar dentro del término de diez (10) días a partir de la fecha en que fuere notificado de la radicación del recurso de revisión. 3 L.P.R.A. sec. 341p(d). Sería ilógico entender que el peticionario también viene obligado a elevar dichos documentos cuando la propia Ley Orgánica del Departamento dispone expresamente que "será deber del Secretario elevar al Tribunal copia certificada de los documentos que obren en el expediente." Tales disposiciones de la Ley Orgánica del Departamento excluyen por inaplicables y superfluas las disposiciones aplicables a los recursos para la revisión de decisiones administrativas ante el Tribunal Superior.

En mérito de lo expuesto es forzoso concluir que la peticionaria Equity de Puerto Rico, Inc., cumplió adecuadamente con las disposiciones que le son aplicables a los recurrentes de decisiones administrativas del Secretario de Asuntos del Consumidor ante el Tribunal Superior. Aún queda pendiente para el perfeccionamiento del recurso el que el Secretario cumpla con su deber de elevar ante el Tribunal Superior copia certificada de los documentos que obran en el expediente según lo requiere el inciso (d) de la Sec. 341p del Título 3 de las Leyes de Puerto Rico Anotadas.

*Se expedirá el auto solicitado, se revocará la resolución del Tribunal Superior, Sala de San Juan, de 7 de febrero de 1978, que declaró sin lugar la solicitud de revisión de la peticionaria, y se devolverá el caso al tribunal recurrido para la continuación de los procedimientos.*[2]

---

[2] Observamos que la peticionaria alegó en su moción de reconsideración ante el Secretario y en su solicitud de revisión ante el Tribunal Superior que para la fecha en que comenzó a regir el catálogo de las obras que ofrecía la peticionaria para la venta tenía disponibles todos los volúmenes

El Juez Presidente Señor Trías Monge se inhibió. El Juez Asociado Señor Dávila no intervino.

de las Decisiones de Puerto Rico que allí anunciaba, pero que en la fecha en que el querellante solicitó la compra de las obras que interesaba, algunas se habían agotado. De haber sido probada tal alegación el recurso sería meritorio.