FRANCISCO RUIZ HERNÁNDEZ, demandante y recurrido, *v.* DANIEL MAHIQUES y OTROS, demandados y recurrentes.

*Número:* CE-86-366    *Resuelto:* 9 de diciembre de 1987

*José F. Chaves Caraballo,* del Bufete *José A. Figueroa Morales,* abogado de los recurrentes; *A. Rosario Maisonet,* abogado del recurrido; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, Doris Quiñones Tridas, Procuradora General Auxiliar, Miriam Álvarez Archilla, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

Nos toca resolver si el Tribunal Superior carece de jurisdicción por no haberse notificado al Secretario de Salud con copia de una solicitud de revisión presentada contra una decisión administrativa que otorgó un certificado de necesidad y conveniencia para el establecimiento de una farmacia dentro del término que ordenan las Reglas Aplicables a los Recursos de Revisión de Decisiones Administrativas ante el Tribunal Superior.

I

El Sr. Francisco Ruiz Hernández solicitó al Secretario del Departamento de Salud (Secretario) el otorgamiento de un certificado de necesidad y conveniencia para establecer una farmacia en el Barrio Pajuil de Hatillo. Previa la celebración de vistas públicas al efecto,[1] el entonces Secretario, Dr. Jaime Rivera Dueño, denegó inicialmente la solicitud del señor Ruiz Hernández. Presentada por éste una solicitud de reconsideración[2] el Secretario, al tomar como base el mismo informe en virtud del cual sostuvo su denegatoria inicial, decidió conceder el certificado de necesidad y conveniencia para el establecimiento de la aludida farmacia.

No conformes con el proceder del Secretario, los entonces opositores,[3] a nivel administrativo, al otorgamiento del certificado de necesidad y conveniencia, presentaron en

[1] La Ley sobre Certificados de Necesidad y Conveniencia dispone en su Art. 11 (24 L.P.R.A. sec. 334f-7) que "[e]l Secretario vendrá obligado a celebrar durante el período de evaluación de la solicitud una vista administrativa en la que se dará oportunidad de participar a las personas afectadas y a las que hayan solicitado la oportunidad de ser oídas".

[2] La base legal para solicitar reconsideración de la determinación del Secretario la provee 24 L.P.R.A. sec. 334f-10. La misma dispone en su parte pertinente:

"Cualquier persona afectada adversamente por una determinación del Secretario, podrá solicitar por escrito la reconsideración de la misma, dentro de los treinta (30) días siguientes al recibo de la notificación."

[3] Estos fueron: Daniel Mahiques H/N/C Farmacia García, José Torrado y Blanca Delgado H/N/C Farmacia Lechuga, Ángel Lucena y Sonia Mercado H/N/C Farmacia Hatillo, y María Archibald H/N/C Farmacia San Marcos.

el Tribunal Superior, Sala de San Juan, una solicitud de revisión.[4] Al no notificar al Secretario de la presentación de la solicitud de revisión, el tribunal desestimó el recurso por falta de jurisdicción. El razonamiento del tribunal consistió en que al no haberse notificado al Secretario de la presentación de la solicitud de revisión en contra de su determinación, el recurso no quedó debidamente perfeccionado y, en consecuencia, carecía de jurisdicción para entrar a considerar los méritos de la controversia.

■ El recurso de revisión fue presentado dentro del término de treinta (30) días que dispone la ley, 24 L.P.R.A. sec. 334f-11. Los opositores al otorgamiento del certificado notificaron del recurso de revisión al señor Hernández, a quien el Secretario le otorgó el certificado. Nunca notificaron al Secretario por no considerarlo parte en el trámite de revisión judicial.

La única cuestión planteada ante nos por los recurrentes es la determinación del tribunal de instancia de que la ausencia de notificación al Secretario de la solicitud de revisión le privaba de jurisdicción en el caso.

## II

En su sentencia, el tribunal de instancia refiere a las partes a una segunda sentencia enmendada que emitió el 10 de septiembre de 1985 en el caso de *Farmacias Moscoso, Inc.* v. *Farmacia Professional Ashford et al.*, caso Civil Núm. 85-164, pues "los fundamentos en que descansó dicha sentencia ... son perfectamente aplicables al caso de autos". En *Farmacias Moscoso, Inc.* v. *Farmacia Professional Ashford et al.*, supra, en una situación de hechos similar a la que aquí se presenta, el tribunal de instancia sostuvo que a la luz

---

[4] Véase 24 L.P.R.A. sec. 334f-11.

de lo resuelto en *Murphy Bernabe* v. *Tribunal Superior*, 103 D.P.R. 692 (1975), "el Departamento de Salud ciertamente tiene '[*standing*]' para comparecer al Tribunal [*sic*] en defensa de su decisión en un caso como el que nos ocupa". Razonó el tribunal que al ser ello así, la notificación al Secretario era un requisito de carácter jurisdiccional. El planteamiento ante nos requiere que aclaremos su conceptualización y alcance.

En *Murphy Bernabe* v. *Tribunal Superior*, supra, pág. 703, nos enfrentamos al problema de si un organismo administrativo que ejerce funciones estrictamente adjudicativas o cuasi judiciales tiene capacidad jurídica, en ausencia de ley al efecto, para comparecer como parte ante nos para solicitar la revisión de la decisión de un tribunal de instancia. Allí sostuvimos:

> Resumiendo, en ausencia de una expresa autorización estatutaria, se reconoce capacidad como parte a los organismos administrativos: (1) cuando sus decisiones implican la formulación de una política pública y la revisión de su decisión ante un tribunal puede constituir un ataque a esa política pública; y (2) cuando el organismo es afectado, es "parte *interesada* y perjudicada" por la decisión de un tribunal que revisa sus actuaciones. (Énfasis suplido.)

En la administración e implantación de la Ley sobre Certificados de Necesidad y Conveniencia, el Departamento de Salud es una parte interesada y puede ser perjudicada por la decisión que emita un tribunal de justicia, cumpliéndose de tal forma con los dos requisitos expuestos en *Murphy Bernabe* v. *Tribunal Superior*, supra.

Es norma reconocida en el campo del Derecho Administrativo que para que una agencia pueda, a su opción, formular política pública por medio del proceso de reglamentación o de adjudicación, la ley que instrumenta deberá pro-

veerle ambos medios de acción. W. Gellhorn, C. Byze, P.H. Strauss, *Administrative Law, Cases and Comments*, 7ma ed., Mineola, N.Y., Foundation Press, 1979. El Tribunal Supremo federal ha validado la formulación de política pública que una agencia administrativa ha hecho por medio del mecanismo de adjudicación, aun cuando las partes perjudicadas argüían que la única manera de formular válidamente política pública era por medio del proceso de reglamentación. *Securities Comm'n* v. *Chenery Corp.*, 332 U.S. 194 (1947); *NLRB* v. *Wyman-Gordon Co.*, 394 U.S. 759 (1969). Es claro que no toda adjudicación implica formulación de política pública. K.C. Davis, *Administrative Law Treatise*, 2da ed., San Diego, K.C. Davis Pub., 1979, Vol. 2, Sec. 7.5. Para que esto último sea el caso, la agencia, al adjudicar, tiene que crear una regla o norma que tenga aplicación general a todas aquellas partes que en el futuro estén en idéntica situación. *Securities Comm'n* v. *Chenery Corp.*, supra; Breyer and Stewart, *Administrative Law and Regulatory Policy*, Little, Brown & Co., 1979, págs. 399–445.

A la luz de estos principios cardinales, pasemos a escrutar la situación particular que nos presenta el caso de autos. Un estudio detenido de la Ley sobre Certificados de Necesidad y Conveniencia, nos convence de que el Secretario tiene facultad para reglamentar y adjudicar al mismo tiempo. La formulación de política pública no se limita únicamente al mecanismo de reglamentación, sino que se extiende al de adjudicación. Arts. 3 y 11 de la Ley sobre Certificados de Necesidad y Conveniencia, *supra*, 24 L.P.R.A. secs. 334b y 334f-7.

La exposición de motivos de la ley expresa:

La planificación ordenada de las facilidades y servicios de salud es indispensable para atender adecuadamente las necesidades de salud de población, controlar los costos de los ser-

vicios de salud y velar porque éstos se presten en aquellos núcleos poblacionales donde sean necesarios.

Para lograr estos objetivos es indispensable que se ofrezcan únicamente aquellos servicios de salud, se incurra en aquellas inversiones de capital, o que se adquieran aquellos equipos médicos altamente especializados, cuya necesidad y conveniencia pública haya sido previamente determinada por el Secretario. 1983 Leyes de Puerto Rico 402.

Cualquier ataque judicial a una determinación del Secretario al respecto afecta esa política pública, por lo que la notificación es necesaria para que el Secretario, si lo desea, pueda exponer al tribunal sus puntos de vista sobre el asunto. Después de todo, el Secretario y el Departamento de Salud representan el interés general y deben ser los guardianes del bien común en un área tan importante para la sociedad como lo es la salud.

■ Contrario a lo que ocurre con otros organismos administrativos con funciones cuasi judiciales, que al emitir sus decisiones sólo afectan a una o varias partes, el Departamento de Salud, en la instrumentación de la Ley sobre Certificados de Necesidad y Conveniencia tiene la encomienda de planificar los servicios de salud y trazar la política pública al respecto. *Hospital Law Manual*, Aspen System Corporation, Vol. I-A, Health Planning, Secs. 1–6; Chayet & Sonnenreich, *Certificate of Need: An Expanding Regulatory Concept*, 1978, Publicaciones MIPI.

■ El instrumento de planificación de la salud antes aludido requiere que el peticionario demuestre al Departamento de Salud que existe una necesidad y conveniencia para la prestación del servicio que se propone ofrecer. Por ello se requieren estudios de viabilidad, análisis de necesidades y proyecciones regionales, un plan de salud integral y su conformidad con la legislación y reglamentación de la Junta de Planificación, entre otros.

■ La Ley sobre Certificados de Necesidad y Conveniencia también dispone que el Secretario adoptará un reglamento para establecer todo lo relacionado con las solicitudes de certificados de necesidad y conveniencia.

■ La Ley sobre Certificados de Necesidad y Conveniencia es específica y rigurosa al requerir que el reglamento establezca los criterios para expedir o denegar un certificado de necesidad y conveniencia; provee varias maneras para la notificación y publicación al público en general y a personas afectadas en particular sobre las solicitudes presentadas; dispone para que celebrada la vista administrativa el Secretario en un término de noventa (90) días emita su decisión; establece el procedimiento de reconsideración de sus decisiones, y mecanismos para garantizar la imparcialidad del proceso de consideración de las solicitudes.[5] La Ley sobre Certificados de Necesidad y Conveniencia es clara al disponer un proceso administrativo formal para la formulación e implantación de política pública.

■ El Secretario, al otorgar o denegar un certificado de necesidad y conveniencia, no sólo concede o deniega un permiso para operar una facilidad de salud, sino que planifica el desarrollo de éstas en las distintas áreas regionales de salud. En este sentido afecta no sólo al peticionario, sino a la región de salud de que se trate. Su dictamen es una regla o norma con efectos regionales y generales. Por ello la Ley sobre Certificados de Necesidad y Conveniencia es tan rigurosa al exigir la más amplia y efectiva notificación de la presentación de una solicitud, no sólo a los posibles afectados,

---

[5] Nada de lo aquí expresado debe entenderse que exime al Secretario de cumplir con su obligación legal de hacer determinaciones de hecho sostenidas por evidencia. 24 L.P.R.A. sec. 334f-7. Por el contrario, para que la revisión judicial — en la que concluimos hoy el Secretario es parte interesada— goce de virtualidad, las determinaciones de hecho de la agencia administrativa son imprescindibles.

sino al público en general. La Ley sobre Certificados de Necesidad y Conveniencia propicia una amplia y adecuada participación ciudadana, precisamente porque la decisión tendrá el impacto de una regla o norma.

■ Al decidirlo así el Secretario formula política pública mediante un mecanismo de planificación de la salud de tipo adjudicativo. Dicha formulación e implantación de política pública está integrada legal y funcionalmente. Como cuestión de realidad, ambas funciones no son separables. Esta integración convierte al Secretario en una parte interesada en los trámites de revisión judicial de sus determinaciones administrativas sobre concesiones o denegaciones de certificados de necesidad y conveniencia. No interpretarlo así desvirtuaría la letra y el propósito de la ley.

## III

Concluido ya que el Secretario es parte interesada, para propósitos de la revisión judicial, de sus decisiones al conceder o denegar certificados de necesidad y conveniencia, atendemos los aspectos procesales de tal revisión.

■ Los trámites procesales en recursos de revisión contra agencias administrativas se rigen por los procedimientos fijados en las leyes especiales, cuando existen, o, en su defecto, por el cuerpo de las Reglas Aplicables a los Recursos de Revisión de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VIII-A. *Equity de P.R., Inc.* v. *Srio. D.A.C.O.*, 107 D.P.R. 343 (1978).

■ La ley especial que rige la materia autoriza el recurso de revisión contra las determinaciones del Secretario al conceder o denegar un certificado de necesidad y conve-

·niencia. 24 L.P.R.A. sec. 334f-11.(6) Dicha sección, al igual que las otras disposiciones de la referida ley, no establecen explícitamente que se deberá notificar al Secretario del trámite de revisión judicial y de que ello es un requisito jurisdiccional. Aplica por tanto el procedimiento supletorio ya mencionado. La Regla 6(e) de las Aplicables a los Recursos para la Revisión de Decisiones Administrativas ante el Tribunal Superior, *supra*, dispone que:

> (e) El recurrente notificará la solicitud de revisión a todas las demás partes que puedan ser afectadas *o que están interesadas* en la decisión del Tribunal revisador, en la forma, manera y tiempo que más adelante se dispone. (Énfasis suplido.)

■ La Regla 7 del citado cuerpo de reglas, referente a la notificación de la solicitud de revisión, señala que:

> (a) La solicitud de revisión deberá ser presentada en el Tribunal Superior antes de notificarse a las otras partes. La secretaria procederá a asignarle el número correspondiente de presentación, conforme lo exige la Regla 66.1 de las de Procedimiento Civil, e informará de ello al presentante.
>
> (b) La parte recurrente notificará a las partes de la interposición del recurso en la forma prescrita en la Regla 67.2 de las de Procedimiento Civil, siendo mandatorio indicar el número de presentación asignado al recurso en la copia de la solicitud de revisión notificada a las partes. La notificación se hará personalmente o por correo certificado con acuse de recibo no más tarde de dos días laborables después de presentada la solicitud de revisión.
>
> (c) Notificada la solicitud de revisión, ya sea mediante la entrega personal de la copia o la remisión por correo certificado con acuse de recibo, la parte recurrente certificará al

---

(6) Esta sección dispone:

"Cualquier persona afectada adversamente por una determinación del Secretario concediendo o denegando [*sic*] un certificado de necesidad y conveniencia o de exención de dicho certificado, podrá recurrir a la sala correspondiente del Tribunal Superior en revisión judicial dentro de los treinta (30) días siguientes a la notificación por escrito de la decisión denegando [*sic*] el certificado de necesidad y conveniencia, la exención o la reconsideración."

Tribunal la fecha y la forma en que las partes contrarias fueron notificadas.

Al ser el Secretario parte interesada por las particulares funciones que le impone la ley que nos ocupa, procedía que, según disponen las Reglas Aplicables a los Recursos para la Revisión de Decisiones Administrativas ante el Tribunal Superior, éste fuera notificado conforme lo proveen dichas reglas del recurso de revisión instado ante el Tribunal Superior.

■ Según hemos visto, la Ley sobre Certificados de Necesidad y Conveniencia, nada dispone ni permite interpretar sobre tal notificación y sobre el carácter jurisdiccional de la misma. Siendo ésta la situación estatutaria no podemos darle al requisito de notificar al Secretario tal carácter jurisdiccional. Dicho requisito es de cumplimiento estricto, *Loperena Irizarry* v. *E.L.A.*, 106 D.P.R. 357 (1977); *Meléndez Gutiérrez* v. *E.L.A.*, 113 D.P.R. 811 (1983); *Equity de P.R., Inc.* v. *Srio. D.A.C.O.*, supra.

Los tribunales de instancia deben velar por que tal notificación se efectúe dentro del término de dos (2) días laborables después de presentada la solicitud de revisión conforme a lo dispuesto en la Regla 7(b) de las Aplicables a los Recursos para la Revisión de Decisiones Administrativas ante el Tribunal Superior, *supra.* De no hacerse podrán desestimar el recurso de revisión.

Hasta el día de hoy la norma jurídica aquí expuesta no había sido aclarada. En estas circunstancias procede que atemperemos esta decisión haciéndola prospectiva. Habiendo sido notificado y comparecido ante nos el Secretario en el presente recurso, el tribunal de instancia continuará con los procedimientos y dictaminará lo que en derecho proceda. *Xerox Corp.* v. *Srio. de Hacienda*, 115 D.P.R. 668, 674 (1984).

*Se dictará la sentencia correspondiente.*