FELIX A. CIFREDO CANCEL
Querellante-Recurrido

v.

PUERTO RICO TELEPHONE CO.
Querellada-Peticionaria

Núm. KLCE-95-00151

San Juan, Puerto Rico, a 16 de mayo de 1995.

Panel integrado por su presidente, Juez Negrón Soto
y los Jueces González Román y Urgell Cuebas

Urgell Cuebas, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Se solicita que revisemos una orden emitida el 17 de febrero de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual se declaró sin lugar una moción de desestimación por falta de jurisdicción presentada por la parte querellada-peticionaria, Puerto Rico Telephone Company, la cual de ahora en adelante nos referiremos como P.R.T.C.

Específicamente debemos determinar si bajo la sección 4.2 de la Ley Núm. 170 del 12 de agosto de 1988, conocida como Ley de Procedimiento Administrativo Uniforme (L.P.A.U.),

3 L.P.R.A. sec. 2172, tiene que notificarse copia de la solicitud de revisión judicial al Oficial Examinador de la P.R.T.C. Luego del análisis correspondiente, concluimos que no es necesaria dicha notificación. Veamos.

El querellante-recurrido, Félix A. Cifredo Cancel, presentó ante el Tribunal de Primera Instancia un recurso de revisión judicial a los fines de que se revoque una decisión emitida por un Oficial Examinador de la P.R.T.C., donde se desestimó su querella. En la misma, éste impugna el nombramiento de otra persona para un puesto que interesaba. El querellante-recurrido notificó copia de la solicitud de revisión judicial a la representación legal de la P.R.T.C., pero no así al Oficial Examinador que adjudicó el caso en la vía administrativa.

Sostiene la P.R.T.C. que según las secciones 4.2 y 4.4 de la Ley Núm. 170, *supra*, 3 L.P.R.A. secs. 2172 y 2174, para fines de la notificación,█ la agencia es el Oficial Examinador y que ésta es sólo una parte litigante. Arguye la P.R.T.C., que se convierte en *"parte"* una vez el Presidente delega su poder de adjudicación en el Oficial Examinador. Por ello, sostiene que para fines de la revisión judicial la agencia y el Oficial Examinador son entes separados que requieren notificación aparte.

La sección 4.2 de la ley, dispone en su parte pertinente como sigue:

*"Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal Superior con competencia dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo."*

La sección 1.3, inciso (a), 3 L.P.R.A. Sec. 2102 (a) de dicha ley define lo que es *"agencia"* de la siguiente forma:

*"(a) "Agencia" significa cualquier junta, cuerpo, tribunal examinador, corporación pública, comisión, oficina independiente, división, administración, negociado, departamento, autoridad, funcionario, persona, entidad o cualquier instrumentalidad del Estado Libre Asociado de Puerto Rico u organismo administrativo autorizado por ley a llevar a cabo funciones de reglamentar,investigar, o que pueda emitir una decisión, o con facultades para expedir licencias, certificados, permisos, concesiones, acreditaciones, privilegios, franquicias, acusar o adjudicar, ...".*

Por virtud de la Ley Núm. 25 del 6 de mayo de 1974,█ que crea la Autoridad de Teléfonos de P.R., de la Ley Núm. 170, *supra*, y de lo expuesto en *Torres Ponce v. Jiménez*, 113 D.P.R. 58 (1982), el 28 de octubre de 1993 la P.R.T.C. aprobó el *"Reglamento a Regir en los Procedimientos Ante los Oficiales Examinadores"*, Reglamento Núm. 4968. Este Reglamento es el que dispone sobre lo concerniente a las vistas administrativas de los empleados gerenciales de la P.R.T.C.. En el Artículo I, inciso 3, de dicho Reglamento se define *"Oficial Examinador"* como:

*"Abogado contratado (contratista independiente) por el Presidente que escuchará imparcialmente la prueba presentada por las partes y emitirá una decisión conforme a derecho en torno a la querella presentada."*

El Artículo IV del Reglamento, antes mencionado, dispone lo siguiente sobre la

jurisdicción del Oficial Examinador:

*"A. El Oficial Examinador, una vez le sea referida la querella por el Presidente, tendrá facultad para entender en todo recurso de apelación que presenten los querellantes.*

*B. El Oficial Examinador estará facultado para ordenar la presentación de documentos o expedientes, incluyendo la producción de documentos, materiales u otros objetos, citar a las partes y sus testigos, recibir prueba, tanto oral como documental, presidir las vistas administrativas y dirigir el procedimiento que se lleve a cabo durante las mismas; tomar juramento a los testigos y realizar todas aquellas gestiones necesarias y pertinentes para resolver eficazmente la apelación ante su consideración. También podrá presentar una solicitud en auxilio de su jurisdicción ante el Tribunal Superior con competencia y obtener una orden judicial para el cumplimiento, bajo apercibimiento de desacato, de cualquier citación, orden o requerimiento por él emitida".*

El Artículo XI, inciso A del referido Reglamento, el cual trata sobre los procedimientos posteriores a la vista, provee para que luego de concluida la misma, el Oficial Examinador emita una resolución en la que disponga de la querella. La orden o resolución será final y podrá ser revisada en el Tribunal Superior a solicitud de cualquier parte afectada.

El Artículo 12, sección 12.3 del Reglamento de Personal Para Empleados Gerenciales de la P.R.T.C., aprobado el 4 de abril de 1983, confiere el derecho a todo empleado afectado por una decisión a *"solicitar revisión de la misma a la Oficina del Presidente de la Compañía... ".* El Presidente nombrará un Oficial Examinador ajeno para que celebre una vista sobre la queja del empleado.

En *Torres v. P.R. Telephone Co.*, 118 D.P.R. 198 (1987)■ el Tribunal Supremo reconoció que el hecho de que el Oficial Examinador sea nombrado por el Presidente de la compañía, no le impide a ésta recurrir al foro judicial para revisar la decisión que finalmente emita el Examinador. Razonó que cuando la decisión del Examinador es adversa a la empresa, es necesario que se le brinde la oportunidad de acudir a los tribunales, igual que a los empleados.

Los argumentos de la P.R.T.C. no pueden sostenerse. La L.P.A.U. utiliza el término de *"agencias"* en su acepción más amplia, para incluir cualquier junta, comisión, cuerpo, tribunal examinador, corporación pública, comisión, oficina independiente, división, administración, negociado, departamento, autoridad, funcionario, persona, entidad o cualquier instrumentalidad del Estado Libre Asociado de Puerto Rico u organismo administrativo autorizado por ley a llevar a cabo funciones de reglamentar, investigar o que pueda emitir una decisión o con facultades para expedir licencias, acusar o adjudicar. Quedan incluidos todos los organismos autorizados por ley a reglamentar, investigar, acusar o adjudicar, también se incluye a funcionarios o personas que tengan estas facultades delegadas por ley. En el caso de los Oficiales Examinadores de la P.R.T.C., su delegación es por Reglamento y emana de la propia agencia. Como veremos más adelante, se trata de la misma agencia, aunque el Oficial Examinador tenga independencia total para emitir su decisión. La intención legislativa al aprobarse la L.P.A.U., fue tratar de mantener el principio rector de flexibilidad que debe consagrar el Derecho Administrativo, además de la uniformidad y simplicidad de los procedimientos administrativos.■ Resolver como pretende la P.R.T.C. complicaría innecesariamente los procedimientos e impone a los litigantes una obligación, sin propósito o fin alguno. El oficial examinador nombrado por el Presidente de la agencia no es un *"funcionario o empleado"* de ésta, según dispone la L.P.A.U. en su sec. 3.3. Aunque tampoco se trata de un mandatario ni de un *alter ego* de la agencia, el Oficial Examinador actúa limitadamente, dentro de los parámetros delegádoles mediante el Reglamento. Su poder es derivado del poder del Presidente. La autoridad que por Reglamento se le transfiere para

adjudicar no implica la sustitución de la autoridad conferida por ley al Presidente de la P.R.T.C. Dicho de otra manera, su autoridad está limitada a adjudicar la controversia particular del caso que exclusivamente se le encomiende por el Presidente de la Agencia. En consecuencia, el Oficial Examinador es la misma agencia, éste es una extensión de la P.R.T.C. mientras adjudica.█ Una vez emite su resolución, de acuerdo al Reglamento, cesa su función.█

Es necesario señalar que el procedimiento escogido y establecido por la P.R.T.C. para atender las querellas de sus empleados no unionados que gozan del beneficio del principio de mérito es requerido por nuestro ordenamiento jurídico. Ley de Personal del Servicio Público, Ley Núm. 5 del 14 de octubre de 1975; *Torres Ponce v. Jiménez, supra; Reyes Coreano v. Director Ejecutivo,* 110 D.P.R. 40 (1980). Los requisitos del debido proceso de ley procesal para el empleado público y los derechos que le acompañan en su relación con el Estado, exigen imparcialidad, entre otras, de parte de quien dilucida tales derechos. El procedimiento de la P.R.T.C. fue validado en el caso de *Torres v. P.R. Telephone Co., supra.* La independencia del Oficial Examinador a la que allí hace referencia el Tribunal Supremo es a los únicos efectos de garantizar ese debido proceso de ley. El hecho de presentar todas las mociones y documentos a nivel administrativo relacionados con la apelación ante la oficina del Oficial Examinador es con el propósito de garantizar la pureza de los procedimientos, que es el mismo de nombrar un Oficial Examinador. De no ser así y presentarse los documentos en las oficinas de la agencia, la pureza e imparcialidad de los procedimientos de la apelación serían seriamente empañados.

El propósito de la notificación establecida en la L.P.A.U. no surge del historial legislativo. Tampoco surge de los *"Revised State Model Administrative Procedure Act"* █ de donde fue adoptada la sección 4.2 de nuestra L.P.A.U. Los casos en donde nuestro Tribunal Supremo ha examinado el tema de la notificación como requisito jurisdiccional no ha entrado en el propósito que la motiva. Sin embargo, podemos señalar que el propósito de dicha notificación es uno de ofrecerle a las partes interesadas y afectadas la oportunidad de defenderse o plantear sus puntos de vista. Este propósito es uno básico en nuestro ordenamiento jurídico. Interpretar que bajo las circunstancias particulares de la P.R.T.C., que en adición de notificarle de la solicitud de revisión judicial, también se le notifique al Oficial Examinador designado por ésta, claramente no es necesario a la luz del propósito de que se le notifique a las partes verdaderamente interesadas o afectadas de la revisión judicial. La notificación al Oficial Examinador es totalmente inconsecuente en este caso, toda vez que su función es exclusivamente resolver un caso en particular. Este no tiene, ni puede tener interés alguno en el caso una vez que emite una decisión. La parte afectada o interesada lo es la P.R.T.C.

A la luz de lo anterior, no podemos aceptar que el legislador tuviese la intención que propone la P.R.T.C. Un estatuto debe interpretarse teniendo en consideración los fines que persigue y en tal forma que la interpretación se ajuste al fundamento racional o fin esencial de la ley y la política pública que lo inspira. *Cándido Vázquez v. A.R.P.E.,* **91 JTS 53,** 129 D.P.R. \_\_\_; *Farmacias Moscoso, Inc. v. Kmart Corp.,* Op. de 10 de mayo de 1995, **95 JTS 59.**

Existe jurisprudencia a los efectos de cuándo una agencia puede comparecer en una contienda judicial, siendo necesaria la notificación. En *Murphy Bernabe v. Tribunal Superior,* 103 D.P.R. 692 (1975) y en *Ruiz Hernández v. Mahíquez,* 120 D.P.R. 80, (1987) se resolvió que una agencia no puede comparecer en un caso al tribunal, siendo parte interesada y agencia a la vez, a menos que se dieran ciertas circunstancias. Por analogía, nos preguntamos: ¿qué interés puede tener el Oficial Examinador en el caso una vez emite su dictamen? Claramente ninguno, pues éste no establece la política pública de la P.R.T.C. Es a esta última a quien le corresponde defender sus intereses, no sólo por ser parte del procedimiento, sino porque es la agencia para los efectos prácticos y reales, según aquí resolvemos.

En *Murphy Bernabe, supra,* se impugnó el que la Junta de Apelaciones sobre Construcciones y Lotificaciones solicitara la revisión de la decisión del Tribunal Superior revocando su determinación y confirmando la dictada por la Oficina Regional de la Junta de Planificación. El Tribunal Supremo determinó que sólo los cuerpos administrativos que tienen la obligación de poner en vigor la política pública del Estado tienen interés en que se sostengan sus decisiones. Expresó el Tribunal, reiterando la norma expuesta en *Deliz v. Junta de Apelaciones,* 71 D.P.R. 138 (1950), que las únicas partes interesadas en el recurso ante el Tribunal son aquellas que se consideran directamente perjudicadas por la decisión de la agencia (Junta de Apelaciones), y que el Oficial de Permisos no es una parte directamente perjudicada por la decisión de la Junta. El Tribunal Supremo determina que la Junta de Apelaciones sobre Construcciones y Lotificaciones no puede comparecer como parte en el proceso de revisión de sus decisiones. Dicha Junta está limitada a revisar actuaciones o resoluciones de la Junta de Planificación sobre la expedición o denegación de cierta clase de permisos, constituyendo ésta una función cuasi judicial. En ausencia de autorización estatutaria, la Junta carece de capacidad legal como parte. De otro lado, se reconoce capacidad legal como parte a los organismos administrativos:

*"1. Cuando sus decisiones implican la formulación de una política pública y la revisión de su decisión ante un tribunal puede constituir un ataque a esa política pública.*

*2. Cuando el organismo afectado es "parte interesada y perjudicada" por la decisión de un tribunal que revisa sus actuaciones."*

En el caso ante nuestra consideración el Director de Relaciones de Empleados de la P.R.T.C. tomó una decisión que fue apelada por el empleado afectado ante el Presidente de la Agencia, quien designó un Oficial Examinador para celebrar la vista administrativa. Según hemos señalado anteriormente, la decisión del Oficial Examinador surge por delegación del Presidente de la P.R.T.C. y por ende se trata de la misma agencia para todos los efectos de la L.P.A.U. Debe tomarse también en cuenta, que el Oficial Examinador no formula o establece política pública ya que su función es única y exclusivamente la de resolver un caso en particular. Es la agencia, en este caso la P.R.T.C., la que formula la política pública y el único organismo que puede tener interés y ser parte perjudicada que requiera la notificación de la solicitud de revisión.

Fue en *Torres, supra,* que el Tribunal Supremo consideró y justificó el porque la P.R.T.C. puede acudir al Tribunal para revisar una decisión de un oficial examinador que le es adversa. Lo allí resuelto y la doctrina de los casos de *Deliz, Murphy* y *Ruiz Hernández,* antes citados, no son incompatibles. Por el contrario, aclaran y sostienen nuestra conclusión de que la P.R.T.C. es la agencia a los efectos de la revisión judicial, por virtud de la resolución que a su nombre emite el oficial examinador. En consecuencia, de acuerdo a lo antes expresado, la P.R.T.C. como agencia puede acudir al foro judicial no tan solo a cuestionar una decisión que le es adversa sino a defenderla como agencia y como parte. No es una posición absurda como indica la peticionaria, sino doctrina sentada en nuestra jurisdicción. Exigir en estos casos una notificación al Oficial Examinador es a todas luces inconsecuente y sería absurdo. El debido proceso de ley ni el derecho coexisten para exigir cosas imposibles, absurdas, ni inútiles o innecesarias. *Pueblo v. Andréu González,* 105 D.P.R. 315, 321 (1976).

Conforme a lo antes expuesto, se deniega el recurso de *certiorari* solicitado.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

## ESCOLIOS 95 DTA 90

**1.** Reglas para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunàl Superior, 4 L.P.R.A. Ap. VIII-B.

**2.** 27 L.P.R.A. sec.401, *et seq.* Esta fue derogada por la Ley Núm. 63 del 23 de agosto de 1990, sec. 15 (b)(1).

**3.** Cabe señalar que el caso fue resuelto mucho antes de que se adoptara en nuestra jurisdicción la L.P.A.U.

**4.** Informe Conjunto de la Comisión de Asuntos Municipales, del Gobierno Estatal y de lo Jurídico del Senado de Puerto Rico, sobre la aprobación de la L.P.A.U., pág. 5, 5 de mayo de 1987.

**5.** En el Derecho Administrativo se reconoce que la misma entidad administrativa puede tener funciones *"ejècutivas, cuasi judiciales y cuasi legislativas... "* conservando aún su carácter como tal, a pesar de tener que en ocasiones, delegar alguna de estas funciones. Davis *Administrative Law Treatise,* 3d. Ed., Vol. I, sec. 2.3, pág. 37-38, 1994.

**6.** Es de observar que el epígrafe de todos los documentos que se presentan ante su consideración, así como los que él emite, contiene el nombre de la agencia, Puerto Rico Telephone Company.

**7.** 1981 and 1961 Acts (U.L.A.) secs. 5-110 y 15(b) respectivamente. La definición de Agencia contenida en la Sec. 551(1) del *"Administrative Procedure Act",* es diferente a la definición de la L.P.A.U.