Negroni Cintrón, Juez Ponente
*1370 TEXTO COMPLETO DE LA RESOLUCION
Desestimado por falta de jurisdicción el recurso de revisión que instó ante el Tribunal Superior, Sala de San Juan, en el caso KLCE-95-0154 (906), para que ese foro revisara una decisión de la Junta de Apelaciones del Sistema de Administración de Personal ("J.A.S.A.P.") que no le favoreció, Iván Otero Ríos recurrió ante nos para que, a su vez, revisáramos la corrección del dictamen del tribunal a quo.
I
El 21 de julio de 1994 Otero Ríos fue separado del puesto que ocupaba con carácter probatorio de Agente de Investigaciones I en el Negociado de Investigaciones Especiales ("N.I.E”). La decisión se basó en los hábitos o actitudes que Otero Ríos demostró tener durante el período probatorio y de acuerdo a la evaluación que le practicaron.
Se celebró una vista administrativa en la cual las partes presentaron prueba ante un Oficial Examinador, quien recomendó que se ratificara la separación de Otero Ríos de su puesto. Esta recomendación fue acogida por el Secretario de Justicia quien le notificó a Otero Ríos la decisión final de separarlo de su puesto. Este recurrió ante J.A.S.A.P. para que se revisara esta decisión. El organismo desestimó la apelación al determinar que carecía de jurisdicción por no existir alegaciones o evidencia demostrativa de arbitrariedad o discrimen por motivo de raza, color, sexo, nacimiento, edad, origen, condición social, ideas políticas o religiosas.
Inconforme con dicha determinación y como indicamos previamente, Otero Ríos acudió al tribunal a quo. Al así proceder, no notificó su escrito de revisión a J.A.S.A.P. y no la incluyó como parte. La certificación sobre la notificación del recurso que incluyó en el escrito de revisión expresa que envió copia del recurso de revisión al Secretario de Justicia, pero no indica que hubiese notificado el mismo a J.A.S.A.P.
A solicitud del Departamento de Justicia, el tribunal de instancia concluyó que la notificación a J.A.S.A.P. era un requisito jurisdiccional a tenor de lo dispuesto en la sección 4.2 de la Ley Número 170 del 12 de agosto de 1988, conocida como la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A., see. 2172, pues ésta dispone que el recurso de revisión debe ser notificado a las partes y a la agencia cuya decisión es objeto del recurso dentro del término para solicitar revisión. Debido a lo anterior, desestimó el recurso por carecer de jurisdicción como señalamos inicialmente.
Por estar en desacuerdo con este dictamen, Otero Ríos recurre ante nos y señala que al así disponer el tribunal de instancia incurrió en el siguiente error:

"Erró el Honorable Tribunal de Instancia al decretar el archivo de la revisión radicada y decretarse sin jurisdicción por entender que el requisito de notificación contemplado en la Sección 4.2 de la Ley Número 170 de 12 de agosto de 1988 es uno de carácter jurisdiccional y no considerar la totalidad de las circunstancias privando así al apelante de su día en corte."

Al discutir el error apuntado, el peticionario señala que el lenguaje de la sección 4.2 de la Ley Número 170, supra, no dispone que la notificación sea un requisito jurisdiccional, aunque reconoce que así lo decidió el Tribunal Supremo de Puerto Rico en Méndez Cabrera v. Corporación Urbanizadora Quintas de San Luis, Op. del 13 de enero de 1991,_D.P.R._(1991), 91 J.T.S. 1. Olvidando la naturaleza y efecto de los requisitos jurisdiccionales en el trámite apelativo, se limita a *1371 exponer que tales requisitos procesales ponen trabas y privan al ciudadano de su día en corte pues, en su opinión, no permiten que se consideren los méritos de las controversias. Sugiere que el incumplimiento de requisitos jurisdiccionales se debe penalizar mediante la imposición de sanciones económicas a las partes, al abogado o a ambos.
No tiene razón el recurrido. Al desestimar su recurso el tribunal de instancia actuó con corrección. La sección 4.2 de la Ley Número 170, supra, dispone, en lo pertinente:
"Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal Superior con competencia dentro de un término de treinta (30) días contados a partir de la fecha de archivo en autos de la copia de la notificación de la orden o resolución final de la agencia. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo..." (Enfasis nuestro.)
La naturaleza jurisdiccional del requisito de notificación a la agencia y a todas las partes dentro del término para solicitar la revisión de las decisiones de los organismos administrativos fue claramente reconocida por el Tribunal Supremo de Puerto Rico en Méndez Cabrera v. Corporación Urbanizadora Quintas de San Luis, supra.
En este caso y al analizar el texto de la sección 4.2, supra, el alto Foro expresó lo siguiente a la página 8258:
"Este lenguaje recoge la intención clara del legislador de que el recurso de revisión se perfeccione dentro del término de treinta (30) días. Es un fuerte indicador de que la notificación debe hacerse también dentro de ese término y que estamos propiamente ante un requisito de carácter jurisdiccional. En ese sentido "...dicha sección aparentemente establece un recurso de revisión uniforme, dándole facultad al Tribunal Superior para revisar a todas las agencias cubiertas por la ley, excepto aquellas que son revisadas directamente por el Tribunal Supremo. Para dichas agencias habrá ahora por primera vez un recurso en común, con un plazo uniforme y con requisitos de notificación uniformes, evitando así la confusión y diversidad que existían bajo el estado de derecho anterior." Angel G. Hermida, La Ley de Procedimiento Administrativo Uniforme de 1988 y las Reglas para la Revisión Judicial de 1979, Algunos Aspectos de Interés para los. Jueces, Año 5, Núm. 2, Forum 20 (Abril-Junio 1989). (Enfasis nuestro.)
De lo antes expuesto, se aprecia diáfanamente que la intención del legislador al aprobar la sección 4.2 de la Ley Número 170, supra, fue la de establecer un sólo plazo fijo en el cual el peticionario debe presentar su recurso y también notificarle a las partes y a la agencia apelada copia del escrito que presentó ante el foro judicial. Entendió que el recurso de revisión se perfeccionaba mediante la presentación del recurso ante el organismo correspondiente y la notificación del mismo a las partes y a la agencia, convirtiéndose ambos pasos en requisitos de naturaleza jurisdiccional. Esto necesariamente implica que el no realizar cualquiera de estos actos priva al tribunal de la autoridad necesaria para considerar los méritos del recurso.
De rigor es señalar además que aun cuando de ordinario el ejercicio de la función revisora de J.A.S.A.P. se percibe como la adjudicación de controversias individuales, no puede olvidarse que la dimensión más impactante de esa función es el desarrollo y establecimiento de política pública. En el descargo de sus funciones J.A.S.A.P. adopta normas que trascienden el ámbito individual y la particularidad de la controversia que suscitan las partes que comparecen ante ella y se convierten en reglas de aplicación general a todos aquellos empleados públicos que en el futuro puedan estar en idéntica situación. Ruiz Hernández v. Mahíques, 120 D.P.R. 80, 86 (1987). Las decisiones emitidas en casos individuales estructuran la política pública del organismo por lo que la revisión judicial de tales determinaciones expone indirectamente esa política de la agencia a ser modificada. Esta dimensión de la revisión judicial convierte a la agencia en parte interesada en la decisión que el foro judicial puede tomar al revisar los casos individuales que adjudica. En tales circunstancias, el organismo adquiere legitimación activa suficiente en cuanto al recurso de revisión judicial, razón por la cual debe ser notificada de la presentación del recurso al igual que las partes adversas afectadas por la decisión. Cf. *1372 Murphy Benabé v. Tribunal Superior, 103 D.P.R. 692 (1975).
En armonía con lo expuesto Otero Ríos debió notificarle, no sólo al Departamento de Justicia como parte que tomó la decisión de separarlo de su puesto, sino también a J.A.S.A.P., el foro administrativo apelativo ál que le correspondió revisar en primera instancia la corrección de la decisión tomada por el Departamento de Justicia. Por no haber notificado a J.A.S.A.P. su recurso de revisión ante el Tribunal Superior tenía que ser desestimado por carecer de jurisdicción ese Foro para considerar los méritos que pudiese tener, tal y como correctamente dispuso el foro recurrido. Méndez Cabrera v. Corporación Urbanizadora Quintas de San Luis, supra.
Por los fundamentos expuestos, se deniega la expedición del auto de certiorari.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 96 DTA 15
1. Denominó equivocadamente su recurso como "Apelación", pero toda vez que el recurso para la revisión de la decisión del tribunal de instancia es el certiorari, Farmacias Moscoso, Inc. v. Kmart Corporation, Secretario de Salud, opinión del 10 de mayo de 1995, 95 J.T.S 59,140 D.P.R. mediante Resolución del 13 de julio de 1995, dispusimos que el recurso incoado por Otero Ríos continuaría siendo tramitado como certiorari.